# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

DEUTSCHE BANK NATIONAL ) No. 73631-1-I
TRUST COMPANY, AS TRUSTEE )
FOR IXIS REAL ESTATE CAPITAL )
TRUST 2006-HE3 MORTGAGE PASS )
THROUGH CERTIFICATES, SERIES )
2006-HE3, )
)
                 Respondent, )
)
        v. )
)
VALERIE J. SLOTKE, ) PUBLISHED OPINION
)
                 Appellant. ) FILED: January 11, 2016
_____)

VERELLEN, A.C.J. — The holder of a promissory note secured by a deed of trust

has authority to elect to commence a judicial foreclosure of that deed of trust. After

Valerie Slotke defaulted on her promissory note, Deutsche Bank National Trust

Company elected to commence an action to judicially foreclose the deed of trust

securing her delinquent note. Slotke appeals the order granting Deutsche Bank

summary judgment and the decree of foreclosure. She argues Deutsche Bank was not

entitled to foreclose in the absence of proof that it was the owner of the beneficial

interest in the note. She also argues Deutsche Bank improperly sued simultaneously to

enforce the note and to foreclose the deed of trust.

The holder of a note may commence a judicial foreclosure of the deed of trust in

the same manner as a mortgage. As the holder of the note, Deutsche Bank had

authority to enforce the note after Slotke defaulted. Because it both enforced the note and foreclosed the deed of trust in this single action, the statutory bar against simultaneous actions does not apply. Accordingly, we affirm.

## FACTS

Valerie Slotke borrowed $253,575 from First NLC Financial Services, LLC, doing business as The Lending Center on May 16, 2006. This loan was evidenced by a promissory note dated May 16, 2006 under which The Lending Center is designated as "Lender" and "Note Holder."[1] The face amount of the note is $253,575.00. It provides for Slotke to make periodic payments. It also provides for acceleration of the maturity of the debt evidenced by the note in the event Slotke failed to make payments under the note.

The promissory note was secured by a deed of trust also dated May 16, 2006, which Slotke signed. The deed of trust encumbered real property that she owned. The real property is located in Pierce County, Washington. This deed of trust was recorded on May 24, 2006 with the Pierce County Auditor's Office.

Thereafter, The Lending Center both indorsed the promissory note and assigned the deed of trust to Deutsche Bank. The assignment of deed of trust is dated March 3, 2011 and was recorded on August 5, 2011 with the Pierce County Auditor's Office.

Slotke defaulted on her loan obligations on April 1, 2010 by failing to make the payment due under the promissory note. Deutsche Bank exercised the terms of the note permitting acceleration of the maturity of the note in the event of any default. The unpaid balance of the debt was then $247,875.98.

---

[1] Clerk's Papers (CP) at 157.

2

After Slotke failed to cure the default, Deutsche Bank commenced this judicial foreclosure action in Pierce County Superior Court. The bank sought a money judgment for the amounts owed under the promissory note and also sought to foreclose the deed of trust securing the note.

On May 27, 2014, Deutsche Bank moved for summary judgment. In support of its motion, Deutsche Bank filed an affidavit attesting to its possession of the note bearing the indorsement by The Lending Center payable to Deutsche Bank. At the hearing on the motion for summary judgment, Deutsche Bank also produced the original promissory note signed by Slotke for inspection by the court.

The court granted summary judgment to the bank, dismissing all of Slotke's claims with prejudice. The court concluded

> (a) That the conditions precedent to foreclosure of the Promissory Note and Deed of Trust executed by Valerie J. Slotke have occurred;
>
> (b) That Deutsche Bank is the holder of the Note and [beneficiary] of the Deed of Trust[;]
>
> (c) That Deutsche Bank is entitled to foreclosure of the Promissory Note and Deed of Trust on the Subject Property.[2]

On September 19, 2014, the superior court entered a judgment and decree of foreclosure in favor of Deutsche Bank. The decree includes a monetary judgment against Slotke in favor of the bank. It also provides for foreclosure of the deed of trust and a sheriff's sale of the property encumbered by the deed of trust, followed by a redemption period of eight months.

Slotke appeals.

---

[2] Id. at 125.

3

## ANALYSIS

This court reviews an order granting summary judgment de novo, engaging in the same inquiry as the superior court.[3] "Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."[4] The initial burden is on the moving party to show there is no genuine issue of any material fact.[5] The burden then shifts to the nonmoving party to "'set forth specific facts which sufficiently rebut the moving party's contentions and disclose the existence of a genuine issue as to a material fact.'"[6] This court reviews the facts and all reasonable inferences from those facts in the light most favorable to the nonmoving party.[7]

*Deutsche Bank's Authority to Commence a Judicial Foreclosure*

A deed of trust may be judicially foreclosed by commencing an action in superior court.[8] Specifically, the deeds of trust act, chapter 61.24 RCW, expressly provides,

---

[3] Beaupre v. Pierce County, 161 Wn.2d 568, 571, 166 P.3d 712 (2007).

[4] CR 56(c); Am. Exp. Centurion Bank v. Stratman, 172 Wn. App. 667, 673, 292 P.3d 128 (2012).

[5] CR 56(e); Vallandigham v. Clover Park Sch. Dist., 154 Wn.2d 16, 26, 109 P.3d 805 (2005).

[6] Meyer v. Univ. of Washington, 105 Wn.2d 847, 852, 719 P.2d 98 (1986) (quoting Allard v. Bd. of Regents of Univ. of Washington, 25 Wn. App. 243, 247, 606 P.2d 280 (1980)).

[7] Right-Price Recreation, LLC v. Connells Prairie Cmty. Council, 146 Wn.2d 370, 381, 46 P.3d 789 (2002).

[8] Helbling Bros., Inc. v. Turner, 14 Wn. App. 494, 496-97, 542 P.2d 1257 (1975) (explaining that the "language of the deed[s] of trust act contained in RCW 61.24 requires there be an election either to foreclose the deed of trust pursuant to the terms of RCW 61.24.040, or in the alternative, to foreclose the deed of trust as a mortgage, as provided for in RCW 61.24.100."); see also RCW 61.24.020, .100(8), .120; WASH. STATE BAR ASS'N , REAL PROPERTY DESKBOOK § 21.3, at 21-5 to -6 (4th ed. 2014); 18 WILLIAM

"This chapter shall not supersede nor repeal any other provision now made by law for the foreclosure of security interests in real property."[9]

Where a deed of trust is foreclosed as a mortgage, the law of mortgages applies.[10] That is because a deed of trust is a species of mortgage.[11] These two principles have been the law since the deeds of trust act was enacted in 1965.

Here, Deutsche Bank commenced a judicial foreclosure of the deed of trust. Slotke's primary argument on appeal is that Deutsche Bank was not entitled to summary judgment and a decree of foreclosure "in the absence of proof that it was the 'owner' of the beneficial interest in the [n]ote."[12] But because Washington State Supreme Court expressly rejected this proposition decades ago in John Davis & Co. v. Cedar Glen No. Four, Inc., Slotke's argument fails.[13]

John Davis & Co. was an appeal of a case in which John Davis had judicially foreclosed a mortgage on real property to satisfy delinquent notes of a corporation.[14] The Scotts held mortgages against the same real property.[15] The superior court

---

B. STOEBUCK & JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE: TRANSACTIONS § 20.19, at 437 (2d ed. 2004).

[9] RCW 61.24.120 ("Other foreclosure provisions preserved") (boldface omitted).

[10] RCW 61.24.020 ("a deed of trust is subject to all laws relating to mortgages on real property").

[11] Rustad Heating & Plumbing Co. v. Waldt, 91 Wn.2d 372, 376, 588 P.2d 1153 (1979).

[12] Appellant's Br. at 14 (boldface omitted).

[13] 75 Wn.2d 214, 222-23, 450 P.2d 166 (1969).

[14] Id. at 215.

[15] Id.

decided that the John Davis mortgage had lien priority over the mortgages held by the Scotts.[16] They appealed.

On appeal, the Scotts contested the priority of the John Davis mortgage lien.[17] In support of that argument, they maintained that John Davis did not have authority to foreclose the mortgage.[18] This was based on the fact that a corporation other than John Davis was the original lender of the funds evidenced by the note and secured by the mortgage that John Davis held at the time of the action.[19]

The Supreme Court rejected that argument, stating:

> [John Davis] is the holder and owner of the notes and mortgages of the corporation. The *holder* of a negotiable instrument may sue thereon in his own name, and payment to him in due course discharges the instrument. See RCW 62.01.051. It is not necessary for the *holder* to first establish that he has some beneficial interest in the proceeds.[20]

We conclude that the plain words of that case apply to a judicial foreclosure of a deed of trust. Specifically, it is the holder of a note who is entitled to enforce it. It is not necessary for the holder to establish that it is also the owner of the note secured by the deed of trust.

In Trujillo v. Northwest Trustee Services, Inc., this court observed that the law stated in John Davis & Co. had not changed since that case was decided.[21] This court also observed in Trujillo that the "beneficial interest" to which the Supreme Court

---

[16] Id.

[17] Id. at 222.

[18] Id.

[19] Id.

[20] Id. at 222-23 (emphasis added).

[21] 181 Wn. App. 484, 498-500, 326 P.3d 768 (2014), rev'd on other grounds, 183 Wn.2d 820, 355 P.3d 1100 (2015).

referred in <u>John Davis & Co.</u> has been characterized as "ownership."[22] These common law principles were incorporated into Article 3, Negotiable Instruments, of the Uniform Commercial Code (UCC) when it was enacted in Washington.[23] Specifically, RCW 62A.3-301 states:

> "Person entitled to enforce" an instrument means (i) the *holder* of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to RCW 62A.3-309 or 62A.3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the *owner* of the instrument or is in wrongful possession of the instrument.[24]

At oral argument, counsel for Slotke cited RCW 61.24.030, the nonjudicial remedy section of the deeds of trust act, as a basis for Slotke's "ownership" argument. This argument is unpersuasive for two reasons.

First, RCW 61.24.030 states the requisites for a trustee's sale for a nonjudicial foreclosure of a deed of trust.[25] More specifically, the language in RCW 61.24.030(7)(a) states that "the trustee shall have proof that the beneficiary is the *owner* of any promissory note or other obligation secured by the deed of trust."[26] But this provision has no bearing on a judicial foreclosure of a deed of trust because such a foreclosure, as the statutes make clear, is controlled by the law of mortgages.

---

[22] <u>Id.</u> at 497.

[23] <u>Id.</u> at 500; RCW 62A.3-301.

[24] RCW 62A.3-301.

[25] <u>See</u> RCW 61.24.040 (providing that "[a] deed of trust foreclosed under this chapter shall be foreclosed as[,]" followed by the procedural requirements for conducting only nonjudicial foreclosures).

[26] (Emphasis added.)

Here, for example, the trial court properly ordered in its decree of foreclosure that a sheriff's sale of the property would take place to satisfy the money judgment and that a redemption period of eight months would follow that sale. But there is no sheriff's sale and no redemption period that follows a trustee's sale in a nonjudicial foreclosure of a deed of trust.[27]

Second, even if the statute governing nonjudicial foreclosure of a deed of trust had some bearing on this particular judicial foreclosure, the argument would still fail. Even in the nonjudicial foreclosure setting, recent case law confirms that the holder of a note has authority to commence a nonjudicial foreclosure.[28]

Under the UCC, the "holder" of the note entitled to commence a judicial foreclosure is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession."[29] Under Article 3 of the UCC, "if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder."[30] "'Negotiation' means "a transfer of possession, whether voluntary or involuntary, of an

---

[27] RCW 61.24.050(1).

[28] Trujillo, 181 Wn. App. at 500 (explaining that the language of RCW 62A.3-301(i) "makes clear, as did the John Davis court, that the 'holder' of a note is entitled to enforce the note. It also makes clear that a 'holder' may enforce the note 'even though the [holder] is not the owner' of the note." (alteration in original) (quoting RCW 62A.3-3-1); see also Brown v. Washington St. Dep't of Commerce, ___ Wn.2d ___, 359 P.3d 771, 778 (2015) (explaining that RCW 62A.3-301 clarifies "that a person *need not* own a note to be entitled to enforce the note" and that the UCC's "definition of 'holder' does not turn on ownership").

[29] RCW 62A.1-201(b)(21)(A).

[30] RCW 62A.3-201(b). "Indorsement" means a signature that is made on an instrument for the purpose of negotiating the instrument. RCW 62A.3-204(a).

instrument by a person other than the issuer to a person who thereby becomes its holder."[31]

Here, Deutsche Bank obtained possession of the promissory note when the note was indorsed to Deutsche Bank by The Lending Center, the original payee under the note. Moreover, Deutsche Bank maintained possession throughout this judicial foreclosure action. It is the holder of Slotke's note.

This record makes clear that the bank presented the original note for inspection by the court at the summary judgment hearing. This was sufficient to prove the bank's status as holder of Slotke's delinquent note. We express no opinion whether this is the exclusive method for the holder of a note to prove its right to enforce the note.

Slotke's arguments are not compelling.[32] She cites no case law supporting the proposition that Deutsche Bank is not the holder of the note. Her arguments all focus on ownership requirements. She contends that "proof that one is the 'holder of the note' is *no* evidence that he is the 'owner of the note," a prerequisite for foreclosure.[33] She argues that Deutsche Bank was not the holder "in possession" of the note because "*[p]ossession* of the [n]ote has always been in the certificate holders."[34] But Deutsche Bank had possession of the original note at all material times. There is no authority

---

[31] RCW 62A.3-201(a); see also id. cmt. 1 ("A person can become holder of an instrument when the instrument is issued to that person, or the status of holder can arise as the result of an event that occurs after issuance. 'Negotiation' is the term used in Article 3 to describe the post-issuance event.").

[32] Slotke provided numerous supplemental authorities on appeal to support her "proof of ownership" arguments. But these authorities miss the mark concerning who has authority to enforce a note and therefore are not compelling.

[33] Appellant's Br. at 18.

[34] Id. at 17.

under either existing case law or the UCC that a holder of a note must be the owner and therefore "in possession" in some other sense to commence judicial foreclosure.[35] And Slotke provides no authority to support her argument raised at oral argument that The Lending Center's indorsement to Deutsche Bank made it a mere custodian of the note. Therefore, her arguments fail.

Relying on another "ownership" argument, Slotke claims that

> given the federal statute that controlled [Deutsche Bank]'s creation and that controls its day-to-day operation – 26 U.S.C. § 860(A)-(G) – . . . [Deutsche Bank] still would not be authorized to foreclose because [Slotke]'s loan would have been transferred into the Trust more than four years after the last date on which it lawfully could have been transferred into the Trust."[36]

First, Slotke did not raise this argument in her opening brief, and "[a]n issue raised and argued for the first time in a reply brief is too late to warrant consideration."[37] Second, this argument has no application to the question of who is the holder of the note for purposes of commencing a judicial foreclosure.[38] Third, Slotke bases this

---

[35] See Trujillo, 181 Wn. App. at 503 (distinguishing UCC § 9A, which "addresses the criteria for the owner of a mortgage note to create a security interest in that note" from a foreclosure proceeding, which "is not based on the creation of a personal property security interest in the note."); Brown, 359 P.3d at 786 n.16 (recognizing that when the trustee of a pool mortgage-backed securities *holds* the mortgage notes on behalf of the owner of the mortgage notes, the trustee can foreclose (citing Cashmere Valley Bank v. State, Dep't of Revenue, 181 Wn.2d 622, 641, 334 P.3d 1100 (2014))); In re Butler, 512 B.R. 643, 653 (Bankr. W.D. Wash. 2014) (explaining that under Washington law, one may be the "person in possession" of the deed of trust note and therefore a "holder," either physically or through an agent).

[36] Reply Br. at 8.

[37] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

[38] See John Davis & Co., 75 Wn.2d at 222-23 ("The holder of a negotiable instrument may sue thereon in his own name . . . . It is not necessary for the holder to first establish that he has some beneficial interest in the proceeds." (citation omitted)).

10

argument on a challenge to Deutsche Bank's compliance with the trust's pooling and servicing agreement, but she lacks standing to raise that issue because she is not a party to or intended third-party beneficiary of that agreement.[39]

Slotke also argues that because Mortgage Electronic Registration Systems, Inc. "has never owned *any* interest" in the note, it "never possessed any ownership interest that could be lawfully assigned."[40] Further, she argues that all assignments of interests in real property in Washington must "be accomplished by deed."[41]

But Washington courts have long recognized that the security instrument follows the note that it secures.[42] Ordinarily, a transfer of a debt secured by a mortgage or other instrument in the nature of a mortgage carries with it the mortgage security and operates as an equitable assignment thereof.[43] Moreover, Slotke fails to persuasively argue that the recorded assignment of the deed of trust in this case is ineffective to transfer The Lending Center's interest to Deutsche Bank.

We conclude that because Deutsche Bank was the holder of the note and the holder of the note is authorized to commence a judicial foreclosure, summary judgment was appropriate.

---

[39] See In re Nordeen, 495 B.R. 468, 480 (B.A.P. 9th Cir. 2013) (explaining that the securitization of a loan merely creates a separate contract distinct from the plaintiff's debt obligations under the note).

[40] Reply Br. at 6.

[41] Id. at 7.

[42] Mut. Sec. Fin. v. Unite, 68 Wn. App. 636, 639, 847 P.2d 4 (1993) (assignment of promissory note secured by deed of trust carried with it the deed of trust); see also Bain v. Metro. Mortg. Grp., Inc., 175 Wn.2d 83, 104, 285 P.3d 34 (2012) (in nonjudicial foreclosures, "Washington's deed[s] of trust act contemplates that the security instrument will follow the note, not the other way around").

[43] Mut. Sec., 68 Wn. App. at 639.

*No Simultaneous Actions*

Slotke next argues that because Deutsche Bank attempted to enforce the note and deed of trust simultaneously by seeking a judicial decree of foreclosure based on Slotke's failure to make the note payments, the foreclosure "was illegitimate from its inception."[44] Because Washington courts have long rejected this concept, we disagree.[45]

The plain words of RCW 61.12.120 are dispositive of this argument. That statute states:

> The plaintiff [in a judicial foreclosure action] shall not proceed to foreclose his or her mortgage while he or she is prosecuting any other action for the same debt or matter which is secured by the mortgage, or while he or she is seeking to obtain execution of any judgment in such other action; nor shall he or she prosecute any other action for the same matter while he or she is foreclosing his or her mortgage or prosecuting a judgment of foreclosure.[46]

"In other words, two separate actions cannot be maintained at the same time for the collection of the same debt."[47] But RCW 61.12.120 does "not prevent a plaintiff from pleading the terms of a note in a foreclosure action."[48]

Here, as the holder of the note, Deutsche Bank had the requisite authority under the deeds of trust act to enforce the note and deed of trust. And this is the only action in which Deutsche Bank sought to do both simultaneously. Because Slotke's argument runs counter to the plain words of this governing statute, we reject it.

---

[44] Appellant's Br. at 14.

[45] Hinchman v. Anderson, 32 Wash. 198, 206, 72 P. 1018 (1903).

[46] RCW 61.12.120.

[47] Hinchman, 32 Wash. at 206.

[48] Farm Credit Bank of Spokane v. Tucker, 62 Wn. App. 196, 201, 813 P.2d 619 (1991).

*Attorney Fees and Costs*

Deutsche Bank argues it is entitled to attorney fees and costs on appeal pursuant to RCW 4.84.330 and RAP 18.1. RCW 4.84.330 permits a party to recover reasonable attorney fees and costs in any action on a contract where the contract provides for this award. Here, the promissory note provides that the lender "will have the right to be paid back by [the borrower] for all of its costs and expenses in enforcing this [n]ote to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees."[49] The superior court awarded Deutsche Bank its reasonable attorney fees below. RAP 18.1(a) provides that a party may recover reasonable attorney fees or expenses on appeal if applicable law grants the party the right to recover these fees and expenses. Because Deutsche Bank has prevailed on appeal, its reasonable attorney fees and costs incurred on appeal are awarded upon compliance with RAP 18.1.

We affirm.

WE CONCUR:

Cox, J.

---

[49] CP at 226.