**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY HOANG, | No. 13-35799 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-01013-JCC |
| v. | |
| BANK OF AMERICA, N.A., all board of directors, officers and unknown owners, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted February 24, 2016[**]

Before:     FERNANDEZ, SILVERMAN, and RAWLINSON, Circuit Judges.

Jerry Hoang appeals pro se from the district court's judgment dismissing his

quiet title action.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo a district court's dismissal for failure to state a claim under Federal Rule of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Hoang's action because Hoang failed to allege facts sufficient to state any claim for relief. *See Deutsche Bank Nat'l Trust Co. v. Slotke*, — P.3d — , 2016 WL 107783, at *5 (Wash. Ct. App. Jan. 11, 2016) (holding trustee for a mortgage backed security into which plaintiff's loan had been transferred had authority to commence foreclosure proceedings and that plaintiff lacked standing to challenge the validity of the assignment into the trust); *Walker v. Quality Loan Service Corp.*, 308 P.3d 716, 728 (Wash. Ct. App. 2013) (rejecting the argument that the naming of Mortgage Electronic Registration Systems, Inc. as beneficiary renders a deed of trust void).

The district court properly denied Hoang's motion to remand because it had subject matter jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332(a) (setting forth requirements for diversity jurisdiction).

We do not consider Hoang's arguments raised for the first time in his reply brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]rguments not raised by a party in its opening brief are deemed waived.").

**AFFIRMED**.