**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 22 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTOPHER A. BLAKE; LINDA B. BLAKE,

               Plaintiffs-Appellants,

  v.

U.S. BANK NA, as Trustee for the Stanwich Mortgage Loan Trust Series 2012-3; et al.,

               Defendants-Appellees.

No. 14-35061

D.C. No. 2:12-cv-02186-MJP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

      Christopher A. Blake and Linda B. Blake appeal pro se from the district

court's summary judgment in their diversity action arising from foreclosure

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo,

*Kaplan v. City of N. Las Vegas*, 323 F.3d 1226, 1229 (9th Cir. 2003), and we

affirm.

The district court properly granted summary judgment because the Blakes

failed to raise a genuine dispute of material fact as to whether Carrington Mortgage

Services, LLC was the holder of their promissory note and therefore entitled to

initiate nonjudicial foreclosure proceedings.  *See Brown v. Wash. State Dep't of*

*Commerce*, 359 P.3d 771, 778-80, 787 (Wash. 2015) (explaining that Washington

law permits separation of note ownership from enforcement and holding that a loan

servicer who held an endorsed note was the beneficiary with legal authority to

enforce the obligation and foreclose); *see also* Wash. Rev. Code § 61.24.030 (7)(a)

(a "declaration by the beneficiary made under the penalty of perjury stating that the

beneficiary is the actual holder of the promissory note" is "sufficient proof that the

beneficiary is the owner of any promissory note . . . secured by the deed of trust").

Moreover, the Blakes lack standing to challenge the validity of the assignment of

their promissory note into a securitized trust.  *See Deutsche Bank Nat'l Trust Co. v.*

*Slotke*, 367 P.3d 600, 606 (Wash. Ct. App. 2016).

The district court did not abuse its discretion in denying the Blakes' motions

14-35061

to compel discovery because their first motion failed to comply with procedural rules and the district court reasonably directed the parties to file a joint discovery plan in response to their second motion. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and describing court's broad discretion to permit or deny discovery).

**AFFIRMED.**

14-35061