# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee for Long Beach
Mortgage Loan Trust 2006-4,

        Respondent,

        v.

JOHN E. ERICKSON AND SHELLEY A.
ERICKSON, individuals residing in
Washington;

        Appellants,

BOEING EMPLOYEES' CREDIT UNION,
a Washington corporation; AMERICAN
GENERAL SERVICES, INC., a Delaware
corporation; TBF FINANCIAL, LLC, an
Illinois limited liability corporation; JUSTIN
PARK & ROMERO PARK & WIGGINS,
PS, a Washington Professional Services
Corporation; RANDAL EBBERSON, an
individual residing in Washington; THE
LAW FIRM OF KEATING BUCKLIN &
McCORMACK, INC., PS, a Washington
professional services corporation; CITY
OF AUBURN, WASHINGTON, a
Washington municipality; CHARLES
JOINER, an individual residing in
Washington; PAUL KRAUSS, an individual
residing in Washington; DAN HEID, an
individual residing in Washington;
SHELLEY COLEMAN, an individual
residing in Washington; BRENDA
HEINEMAN, an individual residing in

No. 73833-0-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: February 13, 2017

2017 FEB 13 AM 10: 47
COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

Washington; and THE WASHINGTON            )
CITIES INSURANCE AUTHORITY, a             )
municipal organization of Washington      )
public entities,                          )
                                          )
                 Defendants,                )
                                          )
JPMORGAN CHASE BANK, N.A., a              )
national banking association; LONG        )
BEACH MORTGAGE LOAN TRUST,                )
2006-4; JOHN DOES 1-99,                   )
                                          )
           Third Party Defendants.        )
                                          )
                                          )

APPELWICK, J. — Deutsche Bank National Trust Co. (DBNTC) filed suit to foreclose on the Ericksons' home. The Ericksons argue that DBNTC has failed to show that it possesses the original note, and therefore it has no standing to foreclose. DBNTC argues that it is entitled to foreclosure because it produced the original note, and that the Ericksons are collaterally estopped from arguing otherwise. The trial court granted summary judgment in favor of DBNTC. We affirm.

## FACTS

John and Shelly Erickson purchased a house in 2006 with a loan from Long Beach Mortgage Company. The Ericksons and Long Beach executed a deed of trust with Old Republic Title Ltd. as trustee. Long Beach was a part of Washington Mutual Inc. Washington Mutual failed and JPMorgan Chase Bank National Association purchased its assets. Shortly after executing the loan, Long

Beach sold the loan into Long Beach Mortgage Loan Trust 2006-4 (LBMLT). DBNTC was the trustee of the LBMLT.

The Ericksons defaulted on their payments in 2009. In 2010, the Ericksons filed suit against Long Beach, JP Morgan Chase, and Deutsche Bank, seeking various forms of relief. Erickson v. Long Beach Mortg. Co., No. 10-1423 MJP, 2011 WL 830727 (W.D. Wash. Mar. 2, 2011), aff'd, 473 F. App'x 746 (9th Cir. 2012). After removal to federal court, that lawsuit was dismissed on summary judgment. Id. at *2. The court held that the defendants provided sufficient evidence to prove their ownership of the 2006 note. Id. at *3.

Later, on January 31, 2013, JP Morgan assigned all beneficial interest under the deed of trust to DBNTC. DBNTC filed this lawsuit seeking foreclosure on the Ericksons' property in January 2014. DBNTC moved for summary judgment, arguing that it was entitled to foreclosure, because it possessed the note. DBNTC presented the original note with an endorsed in blank stamp at the summary judgment hearing. It also attached a copy of this original note to its attorney's declaration. The trial court granted DBNTC's motion for summary judgment and denied the Ericksons' motion for reconsideration. The Ericksons appeal.

## ANALYSIS

First, DBNTC argues that collateral estoppel bars the Ericksons from contesting DBNTC's claim that it possesses the original note. Second, the

Ericksons argue that DBNTC has not shown that it possesses the note and therefore is not entitled to foreclosure.

We review summary judgment orders de novo, taking all facts and inferences in the light most favorable to the nonmoving party. Estate of Haselwood v. Bremerton Ice Arena, Inc., 166 Wn.2d 489, 497, 210 P.3d 308 (2009). Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). A party resisting summary judgment cannot satisfy his or her burden of production merely by relying on conclusory allegations, speculative statements, or argumentative assertions. Boguch v. Landover Corp., 153 Wn. App. 595, 610, 224 P.3d 795 (2009). Rather, the nonmoving party must set forth specific facts demonstrating a genuine issue of fact. Id.

I. Collateral Estoppel

The Ericksons argue that DBNTC has not shown that it holds the original note. DBNTC responds that the 2010 federal lawsuit collaterally estops the Ericksons' argument that Deutsche Bank has not shown that it possesses the note. In that suit, the Ericksons argued that the defendants did not provide evidence that they held the note. The federal court's entire analysis of this argument was as follows:

> Plaintiffs' argument rests on the contention that Defendants lack standing to foreclose because they are not the original creditors,

and cannot produce the original note. Courts "have routinely held that [this] so-called 'show me the note' argument lacks merit." Freeston v. Bishop, White & Marshall, P.S., No. C09–5560BHS, 2010 WL 1186276 (W.D.[ ]Wash. Mar.[ ]24, 2010) (quoting Diessner v. Mortg. Elec. Registration Sys., 618 F.Supp.2d 1184, 1187 (D. Ariz. 2009) (collecting cases)[, aff'd, 384 Fed. App'x 609 (9th Cir. 2009)]). The Court agrees with these cases. More importantly, Defendants provide evidence demonstrating their ownership of the note, which the Ericksons do not credibly challenge. The Court GRANTS Defendants' motion and DENIES Plaintiffs' motion with respect to claims for a declaration or an injunction against foreclosure. The Court DISMISSES this claim.

Erickson, 2011 WL 830727, at *3 (first alteration in original) (emphasis added).

The doctrine of collateral estoppel prevents relitigation of an issue after the party estopped has had a full and fair opportunity to present its case. Hanson v. City of Snohomish, 121 Wn.2d 552, 561, 852 P.2d 295 (1993). The party seeking collateral estoppel must establish four elements: (1) identical issues; (2) a final judgment on the merits; (3) the party against whom the argument is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied. Hadley v. Maxwell, 144 Wn.2d 306, 311-12, 27 P.3d 600 (2001). Although the doctrine is usually characterized as an affirmative defense, it is equally available to plaintiffs and may be applied "offensively" to bar a defendant from relitigating issues in a second proceeding. State Farm Fire & Cas. Co. v. Ford Motor Co., 186 Wn. App. 715, 722, 346 P.3d 771 (2015).

All four collateral estoppel elements are satisfied here. First, the issues are identical. Hadley, 144 Wn.2d at 311-12. In the federal case, the Ericksons alleged that the defendants lacked standing to foreclose because they were not the original creditor and could not produce the original note. Erickson, 2011 WL 830727, at *3. The Ericksons' main argument in this appeal is that DBNTC has failed to show that it possesses the original note. The Ericksons make the same argument in both cases: that DBNTC has not produced enough evidence to prove ownership of the original note and therefore cannot foreclose. These issues are identical.

The "final judgment on the merits" element is also met. Id. A final judgment includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect. In re Dependency of H.S., 188 Wn. App. 654, 661, 356 P.3d 202 (2015). The federal court entered summary judgment against the Ericksons on all issues, including their claim on possession of the note, and the Ninth Circuit Court of Appeals affirmed. Erickson, 2011 WL 830727, at *7; Erickson, 473 F. App'x at 746. The resolution of the 2010 suit constitutes a final judgment on the merits.

The Ericksons argue that the identity of party element is not satisfied, because in this case Deutsche Bank is appearing as "Deutsche Bank National Trust Company, a Trustee for Long Beach Mortgage Loan Trust 2006-4," while in the federal case it appeared only as "Deutsche Bank National Trust Company."

(Emphasis added.) But, the standard requires that only the party against whom collateral estoppel is being asserted was a party to the prior case. Hadley, 144 Wn.2d at 311-12. The Ericksons were a party to the federal case. Erickson, 2011 WL 830727, at *1. And, even if the standard required DBNTC to be a party to the prior case, it was. Id. Regardless of whether DBNTC appeared on its own behalf or as a trustee in the federal case, it was clearly "a party to or in privity with a party to the prior adjudication." Hadley, 144 Wn.2d at 311-12. The identical party element is satisfied.

Finally, applying collateral estoppel will not work an injustice against the Ericksons. The Ericksons make no substantive argument on this element. Applying collateral estoppel may seem unjust because the Ericksons were not represented by counsel in the federal case. But, they made the conscious choice to pursue those claims pro se. See Edwards v. LaDuc, 157 Wn. App. 455, 464, 238 P.3d 1187 (2010) ("[T]he trial court must treat pro se parties in the same manner it treats lawyers."). Enforcing collateral estoppel here would not amount to an injustice.

We hold that collateral estoppel bars the Ericksons' arguments that Deutsche Bank does not hold the original note.

## II. Possession of the Note

Even if the Ericksons were not collaterally estopped from their substantive arguments, a holder of a note endorsed in blank is entitled to enforce that note.

_Brown v. Dep't of Commerce_, 184 Wn.2d 509, 536, 359 P.3d 771 (2015). Presentation of the original note at a summary judgment hearing is sufficient to prove a party's status as holder of the note. _Deutsche Bank Nat. Trust. Co. v. Slotke_, 192 Wn. App. 166, 175, 367 P.3d 600, _review denied_, 185 Wn.2d 1037, 377 P.3d 746 (2016).

DBNTC attached a copy of the note to its attorney's summary judgment declaration. That copy included an endorsement in blank.[1] The summary judgment hearing transcript also shows that DBNTC presented an original copy of the note at the summary judgment hearing. Because DBNTC presented an original, signed, endorsed in blank note at the summary judgment hearing, it was entitled to summary judgment and to enforce the note against the Ericksons.

The Ericksons make a number of counterarguments. First, the Ericksons argue that DBNTC should not be entitled to foreclosure because it has failed to explain how it came into possession of the note. The Ericksons do not provide any legal support for their argument that, despite possessing the note, DBNTC

---

[1] The copy of the note attached to the complaint did not include the endorsed in blank stamp. DBNTC attached a copy of the note with the endorsed in blank stamp in support of its summary judgment motion. The Ericksons argue that DBNTC's failure to originally include the endorsement in blank stamp is evidence that DBNTC is actually not the proper holder of the note. But, this argument is merely speculative. _See Boguch_, 153 Wn. App. at 610 ("[A] party resisting summary judgment cannot satisfy his or her burden of production merely by relying on conclusory allegations, speculative statements, or argumentative assertions. Rather, the nonmoving party 'must set forth' specific facts demonstrating a genuine issue of fact." (citation omitted) (quoting _Las v. Yellow Front Stores, Inc._, 66 Wn. App. 196 198, 831 P.2d 744 (1992)).

cannot enforce the note if it cannot explain all previous transfers of the note. DBNTC produced the original note endorsed in blank. That alone allows DBNTC to enforce it. RCW 62A.1–201(21)(A) (defining "holder" as "[t]he person in possession of a negotiable instrument."); RCW 62A.3–205(b) ("When [e]ndorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially [e]ndorsed."); see also Brown, 184 Wn.2d at 536 ("As the holder of the note [endorsed in blank], M & T Bank is entitled to enforce the note."); Deutsche Bank, 192 Wn. App. at 173 ("[I]t is the holder of the note who is entitled to enforce it. It is not necessary for the holder to establish that it is also the owner of the note secured by the deed of trust.").

Second, the Ericksons argue that the note was not properly authenticated. DBNTC's attorney submitted the note as an exhibit to his declaration. The note is commercial paper. See United States v. Varner, 13 F.3d 1503, 1508 n.5 (11th Cir. 1994). Under ER 902(i), commercial paper qualifies as a self-authenticating document. See, e.g., Varner, 13 F.3d 1508-09 ("Mere production of a note establishes prima facie authenticity and is sufficient to make a promissory note admissible.") (emphasis added)).

Third, the Ericksons argue that the note constitutes inadmissible hearsay. Statements that have "operative legal effect" are not subject to the prohibition on hearsay. ARONSON & HOWARD, THE LAW OF EVIDENCE IN WASHINGTON § 10.05[2][f] (5th ed. 2016). The note is a legally enforceable promise to pay and it therefore

has independent legal significance. See Kepner-Tregoe, Inc. v. Leadership Software, Inc., 12 F.3d 527, 540 (5th Cir. 1994) (" 'Signed instruments such as wills, contracts, and promissory notes are writings that have independent legal significance and are not hearsay.' " (quoting THOMAS A. MAUET, FUNDAMENTALS OF TRIAL TECHNIQUES 180 (1988)). The promissory note was self-authenticating and not subject to the prohibition on hearsay.

Fourth, the Ericksons argue without citation to authority that notes are tantamount to a conveyance of real property, and therefore should be subject to the statute of frauds'[2] protections. Washington cases involving enforcement of notes have not identified the statute of frauds as an impediment to foreclosure. See, e.g., Slotke, 192 Wn. App. at 173 ("[I]t is the holder of a note who is entitled to enforce it."); Brown, 184 Wn.2d at 535-36 ("M & T Bank is the holder of Brown's note because M & T Bank possesses the note and because the note, having been indorsed in blank, is payable to the bearer."). The statute of frauds does not bar DBNTC's enforcement of the note.

III. Amount of Judgment

The Ericksons also argue that, besides the note itself, DBNTC submitted no evidence to support the monetary judgment entered against them. But, the note is evidence of the debt. The trial court entered a judgment and decree of foreclosure against the Ericksons for the $465,047.67 loan principal and

---

[2] RCW 64.04.020.

10

$253,354.11 in interest. The Ericksons do not challenge the mathematical calculation of the amount due under the note, but stress the fact that no additional evidence of the amount was offered. Payment is an affirmative defense under Washington law. <u>U.S. Bank Nat'l Ass'n v. Whitney</u>, 119 Wn. App. 339, 347, 81 P.3d 135 (2003). The Ericksons did not assert any payment defense in their answer. Thus, they cannot now challenge the principal and interest owed under the note.

IV. <u>Attorney Fees</u>

The Ericksons have requested attorney fees. Because we affirm summary judgment against the Ericksons, we deny their request for attorney fees.

We affirm.

WE CONCUR: