FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2017 OCT -2 AM 11: 08



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee for Saxon Asset Securities Trust 2006-2 Mortgage Loan Asset Backed Certificates Series 2006-2, | ) ) ) ) ) ) | No. 75044-5-I |
| Respondent, | ) ) ) | |
| v. | ) ) | |
| MICHAEL SHIELDS; BONNIE SHIELDS, | ) ) ) ) | |
| Appellants, | ) ) ) | |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY; SAXON MORTGAGE, INC., | ) ) ) ) | UNPUBLISHED OPINION |
| Defendants. | ) ) ) ) | FILED: October 2, 2017 |

VERELLEN, C.J. — Deutsche Bank National Trust Company filed a lawsuit seeking to judicially foreclose a deed of trust encumbering property owned by Michael Shields. The trial court granted summary judgment in favor of Deutsche Bank and issued a decree of foreclosure. Shields and his sister Bonnie appeal, contending that Deutsche Bank was not entitled to foreclose, notwithstanding its physical possession of the original note executed by Shields in favor of the lender. We affirm.

## FACTS

In 2006, Michael Shields borrowed $380,000 from Saxon Mortgage Inc. To memorialize the obligation, Shields executed an adjustable rate note. To secure payment on the note, the parties executed a deed of trust encumbering real property owned by Shields in Renton, Washington.

Shortly after, Shields's loan was transferred to securitized trust Saxon Asset Securities Trust 2006-2, Mortgage Loan Asset Backed Certificates Series 2006-2, with Deutsche Bank National Trust Company designated as the trustee. Also in 2006, Deutsche Bank took possession of the original note. Saxon Mortgage specifically endorsed the note to Deutsche Bank and also endorsed the note in blank on an allonge.[1] Neither endorsement is dated.

Shields defaulted on the loan in June 2008 by failing to make payments due under the terms of the note. In connection with efforts to initiate nonjudicial foreclosure, Deutsche Bank issued notices of trustee's sale through a successor trustee in 2010 and again in 2012. Neither sale occurred. Deutsche Bank discontinued the 2012 sale after Shields filed a lawsuit seeking to enjoin the trustee's sale and raised additional claims against Deutsche Bank and others. In 2014, the trial court granted summary judgment in favor of Deutsche Bank and dismissed Shields's claims.

On August 15, 2014, Deutsche Bank filed a complaint for judicial foreclosure.[2] Shields moved to dismiss to the lawsuit. The trial court denied the motion to dismiss

---

[1] A "blank indorsement" is an endorsement that does not identify a person to whom the instrument is payable. RCW 62A.3-205(b). An "allonge" is a paper attached to a negotiable instrument for purposes of receiving further endorsements. BLACK'S LAW DICTIONARY 92 (10th ed. 2014).

[2] Deutsche Bank subsequently twice amended the complaint.

2

and later granted Deutsche Bank's motion for summary judgment and entered an order of judgment and decree of foreclosure. Shields appeals.

## ANALYSIS

We review an order granting summary judgment de novo.[3] Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.[4] "In reviewing a summary judgment order, we view the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party."[5]

Shields contends summary judgment was improperly granted because Deutsche Bank was not the holder of the note and had "no legal right to commence foreclosure."[6]

A deed of trust may be judicially foreclosed to secure the performance of an obligation to the beneficiary by a borrower on a negotiable instrument such as a promissory note.[7] A "person entitled to enforce" a negotiable instrument is "the holder of the instrument."[8] The "holder" of a note is "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession."[9] A note endorsed in blank is payable to the bearer and "may be

---

[3] Deutsche Bank Nat. Trust Co. v. Slotke, 192 Wn. App. 166, 170, 367 P.3d 600, review denied, 185 Wn.2d 107, 377 P.3d 746 (2016).

[4] CR 56(c).

[5] Holmquist v. King County, 182 Wn. App. 200, 207, 328 P.3d 1000 (2014).

[6] Appellant's Br. at 2.

[7] Slotke, 192 Wn. App. at 171.

[8] RCW 62A.3-301; see also Brown v. Dep't of Commerce, 184 Wn.2d 509, 524-25, 359 P.3d 771 (2015); Bain v. Metro. Mortg. Grp., Inc., 175 Wn.2d 83, 104, 285 P.3d 34 (2012).

[9] RCW 62A.1-201(b)(21)(A).

negotiated by transfer of possession alone."[10] The holder of the note, which is the evidence of the debt, has the power to enforce the deed of trust because the deed of trust follows the note by operation of law.[11]

It is undisputed that Deutsche Bank possessed the note at all times relevant to this litigation. Nevertheless, Shields claims that Deutsche Bank could not enforce the note because the note was specifically endorsed to Deutsche Bank National Trust Company "as Trustee for *the registered holders of* Saxon Asset Securities Trust 2006-2 Mortgage Loan Asset Backed Certificates, Series 2006-2," whereas the party seeking foreclosure as identified by the caption of the complaint is "Deutsche Bank National Trust Company as Trustee for Saxon Asset Securities Trust 2006-2 Mortgage Loan Asset Backed Certificates, Series 2006-2."[12]

Both the endorsement and the complaint identify "Deutsche Bank National Trust Company" as trustee. Shields cannot demonstrate that the complaint fails to satisfy our state's liberal notice pleading standards because it omits the phrase "the registered holders of" in designating the name of the trust.[13] Shields also fails to explain why Deutsche Bank's possession of the note is not dispositive because in addition to the specific endorsement, the note was also endorsed in blank on the allonge. Deutsche

---

[10] RCW 62A.3-205(b).

[11] Bain, 175 Wn.2d at 104 (the deeds of trust act "contemplates that the security instrument will follow the note, not the other way around").

[12] Clerk's Papers (CP) at 1, 960 (emphasis added).

[13] Pacific Northwest Shooting Park Ass'n v. City of Sequim, 158 Wn.2d 342, 352, 144 P.3d 276 (2006) (notice pleading "requires a simple concise statement of the claim and the relief sought") (citing CR 8(a)); State v. Adams, 107 Wn.2d 611, 620, 732 P.2d 149 (1987) ("pleadings are to be liberally construed; their purpose is to facilitate a proper decision on the merits, not to erect formal and burdensome impediments to the litigation process").

Bank's production of the original note, endorsed in blank, for inspection by the trial court was sufficient to prove its status as the holder of Shields's note.[14] Finally, the Uniform Commercial Code, Title 62A RCW, requires only that the trustee, not the beneficiary, be named as the party to whom the instrument is payable.[15] Shields presents no compelling argument that the failure to reference the "registered holders" of the trust in the complaint affects the authority of the trustee to enforce the terms of the note.

Shields also points to variances in the name of the trust that appear in documents executed in 2008 and 2010 which assign a beneficial interest in the deed of trust.[16] But again, the holder is entitled to enforce the terms of the note.[17] And Shields offers no authority suggesting that assignments of interest negotiate the note or otherwise affect the determination of the entity entitled to enforce the note. As explained, because it is undisputed that Deutsche Bank possessed the note, both endorsed in blank and specifically endorsed to Deutsche Bank as trustee, Deutsche Bank was the holder of the note.

---

[14] See Slotke, 192 Wn. App. at 175-76.

[15] RCW 62A.3-110(2)(i) (if an instrument is payable to a trust, "the instrument is payable to the trustee . . . whether or not the beneficiary or estate is also named"). Shields maintains in his reply brief that this provision is material only to the issue of whether Deutsche Bank is the holder of the note, but that in order to enforce the deed of trust, an entity must be both the holder and owner of the note. This position is at odds with our Supreme Court's analysis. Brown v. Dep't of Commerce, 184 Wn.2d 509, 524-25, 359 P.3d 771 (2015); see also Slotke, 192 Wn. App. at 173.

[16] In the assignment recorded in 2008, Saxon Mortgage, Inc. assigned its beneficial interest in the deed of trust to "Deutsche Bank National Trust Company" as trustee for "Saxon Asset Securities Trust 2006-2." CP at 63. The assignment recorded in 2010 again assigns beneficial interest to Deutsche Bank as trustee, and the name of the trust matches the name of trust stated in the endorsement on the note. CP at 65.

[17] RCW 62A.3-301.

Shields also claims that Deutsche Bank is not the real party of interest under CR 17(a) and cannot maintain this legal action as a foreign entity according to RCW 23.95.505(2). But CR 17(a) explicitly allows a trustee to maintain a legal action. And even assuming that Deutsche Bank is not registered under the Uniform Business Organizations Code to do business in Washington state, a separate provision of the statute, RCW 23.95.520(h), provides that enforcing mortgages or security interests in property does not constitute doing business for purposes of registration of a foreign business entity.

Shields also challenges the court's order on procedural grounds. He maintains that the court granted summary judgment based on Deutsche Bank's representation that the endorsement on the note exactly matched the caption of the complaint and on the condition that Deutsche Bank file such a note, but that condition was not met. In fact, the record shows that although the complete copy of the note including the endorsement from Saxon Mortgage to Deutsche Bank was not attached to the original or first amended complaint, the court reviewed the original note at the summary judgment hearing and determined that the note was specifically endorsed to Deutsche Bank as trustee. Deutsche Bank's counsel complied with the court's request to scan and file a copy of the original note to make it a part of the record.

Shields identifies no evidence that creates a genuine issue of material fact about Deutsche Bank's status as the holder of the note. We therefore decline to address Deutsche Bank's alternative argument that Shields's arguments are barred by collateral estoppel.

Finally, Deutsche Bank argues it is entitled to attorney fees and costs on appeal pursuant to RCW 4.84.330, RAP 14, and RAP 18.1. RCW 4.84.330 permits a party to recover reasonable attorney fees and costs in any action on a contract where the contract provides for this award. Here, the note provides that the lender "will have the right to be paid back by [the borrower] for all of its costs and expenses in enforcing this [n]ote to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees."[18] RAP 14.2 provides for an award of costs to the substantially prevailing party on review, and RAP 18.1(a) allows a party to recover reasonable attorney fees or expenses on appeal if applicable law grants the party the right to recover these fees and expenses. Because Deutsche Bank has prevailed on appeal, its reasonable attorney fees and costs incurred on appeal are awarded upon compliance with RAP 18.1.

Affirmed.

_____
Cox, J.

WE CONCUR:

_____

---

[18] CP at 958.