# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

BRAD L. BILLINGS and JOHNITA D. BILLINGS,

Appellant,

v.

BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE C. WALT, INC. ALTERNATIVE LOAN TRUST 2007- OA17 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-OA17, QUALITY LOAN SERVICING OF WASHINGTON, INC., and JOHN DOES 1-10,

Respondents.

No. 77739-4-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: <u>March 19, 2018</u>

SPEARMAN, J. — A borrower who fails to challenge a trustee's sale prior foreclosure waives his or her right to contest the sale. Brad and Johnita Billings did not bring an action to enjoin the trustee's sale of their home until after it was completed. As a result, they waived their wrongful foreclosure claim. Their claims that are exempt from waiver either lack merit or were not argued on appeal. We therefore affirm the trial court's summary judgment dismissal of the Billings' complaint.

## FACTS

Brad and Johnita Billings owned a home in Puyallup, Washington ("Property"). In 2006, they borrowed $674,500 from Countrywide Bank, executing a promissory note secured by a deed of trust that encumbered the home. The beneficiary listed in the deed of trust is Mortgage Electronic Registration Systems, Inc. (MERS). Countrywide Bank endorsed the note to Countrywide Home Loans. Countrywide Home Loans then endorsed the note in blank.

Bank of New York Mellon ("Bank") asserts that the note was transferred to C. Walt, Inc. Alternative Loan Trust ("Trust"). On June 15, 2011, MERS assigned the deed of trust to the Bank as trustee. On February 26, 2015, Select Portfolio Servicing, Inc. issued a beneficiary declaration attesting that the Bank, as trustee to the securitized trust, was holder of the note on behalf of the Trust. On February 28, 2015, the Bank appointed Quality Loan Service (QLS) as Successor Trustee.

The Billings defaulted on their loan in 2011. The Trust commenced nonjudicial foreclosure. A Notice of Trustee's Sale was issued on October 13, 2015. The Trust was the winning bidder at the February 12, 2016 sale, and moved to evict the Billings. The Billings moved for a temporary restraining order to stay the eviction. They filed a complaint against the Bank and other entities alleging numerous causes of action, including violations of the deeds of trust act, (DTA), chapter 61.24 RCW, Washington's Consumer Protection Act, (CPA, chapter 19.86 RCW, Uniform Commercial Code, Title 62A RCW (UCC), fraud, breach of contract, and wrongful foreclosure.

No. 77739-4-I/3

The Bank moved for summary judgment. The trial court granted the motion and dismissed the complaint. The court denied their motion for reconsideration. The Billings appeal.

## DISCUSSION

We review an order granting summary judgment de novo. Deutsche Bank Nat. Trust Co. v. Slotke, 192 Wn. App. 166, 170, 367 P.3d 600, rev. denied, 185 Wn.2d 1037, 377 P.3d 746 ((2016). Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. CR 56(c). We review the facts and all reasonable inferences from those facts in the light most favorable to the nonmoving party. Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008) (quoting Seven Gables Corp. v. MGM/UA Entm't Co., 106 Wn.2d 1, 13, 721 P.2d 1 (1986)).

The Bank argues that the Billings waived their challenge to the trustee sale because they did not attempt to enjoin the foreclosure sale before it occurred.[1] The Billings do not respond to this argument.

---

[1] The Bank offers an additional threshold argument that the Billings lack standing to challenge the assignment of the deed of trust. To establish standing in Washington, the claimant must show a personal injury fairly traceable to the challenged conduct and likely to be redressed by the requested relief, and that his or her interest is within the zone of interests protected by the statute at issue. Bavand v. OneWest Bank, 196 Wn. App. 813, 834, 385 P.3d 233 (2016) (citing State v. Johnson, 179 Wn.2d 534, 552, 315 P.3d 1090 (2014)). In Bavand II, this court specifically declined to follow Brodie v. Nw. Tr. Servs., Inc., 12-CV-0469-TOR, 2012 WL 6192723 at *3 (E.D.Wash. Dec.12, 2012), one of the federal cases cited by the Bank that does not apply Washington's test for standing.

Here, the Billings' loss of the Property is fairly traceable to a foreclosure by the Bank, and is likely to be redressed by the requested relief for damages. CP at 321. In addition, the Billings are within the zone of interests protected by the DTA, which aims to provide adequate opportunities for parties to prevent wrongful foreclosure. Albice v. Premier Mortg. Servs. of Wash., Inc., 174 Wn.2d 560, 567, 276 P.3d 1277 (2012). The Billings have standing to maintain this action.

The DTA "creates a three-party mortgage system allowing lenders, when payment default occurs, to nonjudicially foreclose by trustee's sale." Albice v. Premier Mortg. Servs. of Wash., Inc., 174 Wn.2d 560, 567, 276 P.3d 1277 (2012). The DTA has three goals: an efficient and inexpensive process, adequate opportunities for parties to prevent wrongful foreclosure, and stability of land titles. Id. at 567. To further these goals, RCW 61.24.130 provides a procedure for stopping a trustee's sale to contest default. Plein v. Lackey, 149 Wn.2d 214, 225, 67 P.3d 1061 (2003). The DTA requires that borrowers use this procedure or risk waiving objections to the sale and claims arising out of the underlying obligation. Id. at 227; RCW 61.24.040(1)(f)(IX). Courts may apply waiver where it "is equitable under the circumstances and where it serves the goals of the act." Albice, 174 Wn.2d at 570. The borrower must have "(1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale." Plein, 149 Wn.2d at 227. RCW 61.24.127(1)(a)-(d) preserves four types of claim that a plaintiff "may not" waive by failing to use the DTA restraint procedure, including claims for fraud and CPA violations, and a claim for damages asserting the trustee's material non-compliance with the DTA.

In Merry v. Nw. Tr. Servs., Inc., 188 Wn. App. 174, 176, 352 P.3d 830 (2015), a borrower failed to challenge a nonjudicial foreclosure as authorized by the DTA, and then brought an action to enjoin the foreclosure after the sale occurred. As here, the plaintiff challenged the deed of trust's designation of MERS as beneficiary and MERS's purported assignment of its interest. Merry

4

applied waiver under these circumstances, reasoning that it was not inequitable because the owner's challenge involved a hypertechnical argument under the DTA that would lead to an inequitable result.

The Billings do not contest the elements of waiver: that they received notice of their right to enjoin the sale, knew of the defenses to foreclosure that they now assert, and did not bring an action to stop the sale as authorized by the DTA. And like the plaintiffs in Merry, the Billings base their claims on a deed of trust's designation of MERS as beneficiary and its assignment of its interest to a company that later appointed a successor trustee. As in Merry, waiver is appropriate here given the same alleged "hypertechnical" violation of the DTA. We conclude that the Billings waived any claims not exempted by RCW 61.24.127(1).[2]

The Billings argue that they raise a genuine issue of material fact regarding whether the signatures endorsing the Note are undated and unauthenticated. The authenticity of each signature on an instrument is admitted unless specifically denied in the pleadings. RCW 62A.3-308. The Billings did not

---

[2] As to the exempted claims for fraud and violation of the CPA, the Billings make no argument to this court that the trial court erred by dismissing them. And the Billings fail to make any meritorious argument that the trustee failed to "materially comply with the provisions of [the DTA]." RCW 61.24.127(1)(c). The Billings argue that the Notice of Trustee Sale did not include information on the Bank's authority to foreclose and that the timing of the Trust's purchase of the loan violated 26 U.S.C. § 860(G)(a)(3). But they cite no persuasive authority that these alleged acts violate any provision of the DTA. The Billings also argue that, for a number of reasons, the Bank lacked authority to foreclose on the residence. But it is undisputed that the Bank was the holder of the note and as such it was entitled to enforce the deed of trust through the nonjudicial foreclosure procedure set out in the DTA. Bucci v. Nw. Tr. Servs., Inc., 197 Wn. App. 318, 326-27, 387 P.3d 1139 (2016), rev. denied, 188 Wn.2d 1012, 394 P.3d 1011 (2017) (citing Bain v. Metropolitan Mortgage Group, Inc., 175 Wn.2d 83, 104, 285 P.3d 34 (2012)). The trial court did not err in concluding that the Billings failed to establish a disputed material fact as to these claims.

contest the authenticity of the note in their complaint. They cannot raise the matter now.

Finally, the Billings contend that the trial court erred in granting summary judgment to the Bank because the affidavit of their expert witness created genuine issues of material fact. But beyond this general assertion, they fail to specify what factual disputes the affidavit raises or why they are material to the issues in this case. The trial court properly found that the expert's testimony failed to create a disputed issue of material fact. There was no error.

Affirmed.

WE CONCUR:

Spearman, J.

Trickey, A.C.J.

Dwyer, J.