**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TANA CHUNG HUMMEL, | No.   16-35272 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00255-RAJ |
| v. | |
| NORTHWEST TRUSTEE SERVICES, INC.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted May 17, 2018
Seattle, Washington

Before:  BERZON and HURWITZ, Circuit Judges, and DEARIE,** District Judge.

Tana Chung Hummel appeals an order granting summary judgment in favor

of Select Portfolio Servicing and Mortgage Electronic Registration Systems

(MERS) and dismissing with prejudice Hummel's claims against Bank of America

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Raymond J. Dearie, United States District Judge for the Eastern District of New York, sitting by designation.

and Northwest Trustee Services, Inc. We affirm.

1.     Hummel's wrongful foreclosure claim fails because no foreclosure sale occurred. *Frias v. Asset Foreclosure Servs., Inc.*, 334 P.3d 529, 533 (Wash. 2014).

2.     Hummel alleges that Appellees did not have standing to initiate foreclosure because of invalid assignments and fraud in the issuance of her loan. The district court properly found no merit to Hummel's challenges to the validity of the Deed of Trust and subsequent assignments. First, "[t]he mere fact [that] MERs is listed on the deed of trust . . . is not itself an actionable injury." *Bain v. Metro. Mortg. Grp., Inc.*, 285 P.3d 34, 52 (Wash. 2012).

Second, as a third party to the loan's securitization, Hummel lacked standing to challenge those assignments. *See Deutsche Bank Nat'l Tr. Co. v. Slotke*, 367 P.3d 600, 606 (Wash. Ct. App. 2016).

Third, there was no basis for Hummel's challenge to the initiation of foreclosure by Northwest Trustee Services. Before conducting a nonjudicial foreclosure, a trustee must "have proof that the beneficiary is the holder of any promissory note or other obligation secured by the deed of trust." Wash. Rev. Code 61.24.030(7)(a). "A declaration by the beneficiary made under the penalty of perjury stating that the beneficiary is the holder of any promissory note or other obligation secured by the deed of trust shall be sufficient proof." *Id*. Select

16-35272

Portfolio Servicing, U.S. Bank's authorized agent, issued such a declaration of ownership, which was recorded; the declaration of ownership stated that U.S. Bank, as trustee for the securitization, "is the actual holder of the Promissory Note." Likewise, Northwest Trustee Services was authorized, through its appointment as successor trustee, to initiate foreclosure by U.S. Bank, the holder of the Note. This authorization was also recorded.

3.      Hummel argues that her wrongful foreclosure allegation should have been construed as a common law fraud claim. Fraud claims are subject to a three-year statute of limitations. Wash. Rev. Code § 4.16.080(4). The district court correctly found any implied common law fraud claims time barred. S*ee Green v. Am. Pharm. Co.*, 960 P.2d 912, 915–16 (Wash. 1998).

4.      The district court appropriately disposed of Hummel's claims of intentional infliction of emotional distress, slander of title, quiet title, and declaratory relief. In each instance, Hummel failed to allege facts sufficient to state a claim or to raise a material issue of fact adequate to survive summary judgment. We reach this conclusion for the same reasons set forth in Judge Jones's March 2016 order.

**AFFIRMED.**

16-35272