## IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

21st MORTGAGE CORPORATION,
a Delaware Corporation,

          Respondent,

   v.

DUNCAN K. ROBERTSON,

          Appellant.

LINDA C. NICHOLLS,

          Third-Party Plaintiff

RESIDENTIAL FUNDING COMPANY, LLC,
a limited liability company, OCWEN LOAN
SERVICING, LLC, A LIMITED LIABILITY
COMPANY; NORTHWEST TRUSTEE
SERVICES, INC., a Washington corporation,
MARY A. MILLER, an Iowa resident; TYRONE
THORGOOD, a Pennsylvania resident; DOES
1-10,

          Third-Party Defendants.

No. 75262-6-I

ORDER DENYING RESPONDENT'S
MOTION FOR RECONSIDERATION
AND APPELLANT'S MOTION
FOR PARTIAL RECONSIDERATION
AND AMENDING OPINION

Respondent 21st Mortgage Corp., pursuant to RAP 12.4 filed a motion to reconsider the unpublished opinion filed in the above matter on September 11, 2017.

Appellant/Defendant Duncan Robertson filed a motion to reconsider in part the opinion filed on September 11, 2017. A majority of the panel has determined the motions should be denied.

ORDER -2-

THEREFORE, IT IS HEREBY

ORDERED that respondent's motion for reconsideration and appellant's motion for partial reconsideration are denied.

IT IS FURTHER ORDERED that the opinion filed on September 11, 2017 is withdrawn and the amended opinion is substituted in its place.

SO ORDERED.

FOR THE COURT:

_____
Presiding Judge

2

# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

2017 OCT 30 PM 12: 24

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

21st MORTGAGE CORPORATION,
a Delaware Corporation,

        Respondent,

    v.

DUNCAN K. ROBERTSON,

        Appellant.

LINDA C. NICHOLLS,

        Third-Party Plaintiff

RESIDENTIAL FUNDING COMPANY, LLC,
a limited liability company, OCWEN LOAN
SERVICING, LLC, A LIMITED LIABILITY
COMPANY; NORTHWEST TRUSTEE
SERVICES, INC., a Washington corporation,
MARY A. MILLER, an Iowa resident; TYRONE
THORGOOD, a Pennsylvania resident; DOES
1-10,

        Third-Party Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 75262-6-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: <u>October 30, 2017</u>

SPEARMAN, J. — The holder of a promissory note secured by real property is entitled to enforce it through judicial foreclosure. A holder is the person in possession of a note that is payable either to bearer or to the person in possession. On summary judgment in this judicial foreclosure, defendant Duncan Robertson presented an affidavit opining that the note and its endorsements to the holder, 21st Mortgage (21st), are not authentic. This evidence is sufficient to create a genuine issue of material fact whether 21st is entitled to enforce the

note. In this respect, the trial court erred in granting summary judgment to 21st. We reverse in part and affirm in part.

## FACTS

Linda Nicholls inherited a house in southwest Seattle (Property). In 1999, she borrowed $100,000 from Old Kent Mortgage Company and executed a promissory note secured by a deed of trust that encumbered the Property (first priority loan).

In 2006, Nicholls borrowed $82,000 from defendant Duncan Robertson (Robertson loan). The loan was secured by a deed of trust that acknowledged the first priority loan. Nicholls defaulted on the Robertson loan. A notice of trustee's sale was recorded on January 8, 2008 and announced that the sale would take place on April 11, 2008. When the sale actually took place, on September 26, 2008, Robertson purchased the Property.

In the meantime, the first priority loan changed hands several times. Old Kent endorsed the note to Residential Funding Corporation. Residential Funding Corporation placed the loan in a securitized trust and endorsed the note to Bank One as trustee for that trust. In an undated allonge attached to the note, Bank One as trustee for Residential Funding Company endorsed the note in blank. In another allonge, the Bank of New York Mellon Trust Company (Mellon), as trustee for Residential Funding Company, endorsed the note to Residential Funding Company. In a third allonge, Residential Funding Company endorsed the note in blank.

On May 14, 2012, Residential Funding Company filed for bankruptcy. The Nicholls loan was among the assets liquidated in the bankruptcy and sold to Berkshire Hathaway. Berkshire Hathaway deposited the Nicholls loan in the Knoxville 2012 Trust, with Christiana Trust as its trustee. Christiana then elected 21st as the Servicer for the Knoxville 2012 Trust.

Nicholls defaulted on the first priority loan. She made her last payments on July 8, 2009 and August 11, 2009. At least two non-judicial foreclosures were scheduled, but eventually cancelled. Robertson v. GMAC Mortg. LLC, 982 F.Supp.2d 1202, 1205 (W.D. Wash. 2013).

21st purports to hold the original note for the first priority loan. 21st filed a complaint for judicial foreclosure against Nicholls and Robertson on July 24, 2014. Nicholls did not respond to the foreclosure complaint and defaulted. Robertson answered, asserting 22 affirmative defenses and 13 counterclaims. The trial court stayed Robertson's counterclaims and third party claims pending the outcome of related federal litigation.[1]

Both 21st and Robertson filed motions for summary judgment in the judicial foreclosure.[2] 21st also moved to strike certain expert declarations filed by

---

[1] In 2012, Robertson filed a complaint in superior court against multiple defendants. It sought quiet title and a declaratory judgment that 21st's predecessors violated the law with respect to their attempted foreclosures of the Property. Robertson, 982 F.Supp.2d at 1206. Meanwhile, Residential Funding Company had entered bankruptcy and Robertson filed claims in those proceedings, several of which were permitted to proceed. A number of Robertson's causes of action were stayed due to the bankruptcy proceedings. The case was removed to federal district court. The district court dismissed the two causes of action that were not stayed. Robertson appealed. The Ninth Circuit Court of Appeals found that the district court had not established subject matter jurisdiction and remanded the case for an evidentiary hearing on the citizenship of the corporate defendants.

[2] 21st first moved for a judgment on the pleadings. The trial court converted it to a motion for summary judgment, and considered it at the same time as 21st and Robertson's motions for summary judgment.

Robertson in opposition to 21st's motion. In its order on summary judgment, the trial court found that the 2008 trustee sale was invalid, and thus that Robertson was not the owner of the Property. The court ordered that 21st was entitled to a decree of foreclosure and struck Robertson's affirmative defenses. It did not rule on 21st's motion to strike. On reconsideration, the trial court revised the summary judgment order to clarify that it considered all written submissions in connection with the motions. On April 28, 2016, the court certified its orders as final for the purposes of appeal under CR 54(b).

Robertson appeals.

## DISCUSSION

### Authenticity of the Promissory Note

Robertson argues that the trial court erred by granting summary judgment to 21st because there is a genuine issue of material fact whether 21st is a beneficiary of the Nicholls promissory note. Robertson disputes that 21st holds the original note and that it can establish chain of title for the note. Thus, he argues that 21st is not entitled to enforce the note. Robertson also argues that 21st is excluded from the definition of "beneficiary" as a result of the bankruptcy proceedings.[3]

We review an order granting summary judgment de novo. Deutsche Bank Nat. Trust Co. v. Slotke, 192 Wn. App. 166, 170, 367 P.3d 600, rev. denied, 185 Wn.2d 107, 377 P.3d 746 (2016). Summary judgment is appropriate if there is no

---

[3] Robertson also challenges 21st's chain of title for the deed of trust, but he does not support this with argument. Thus, we decline to review it. Joy v. Dep't of Labor & Indus., 170 Wn. App. 614, 629, 285 P.3d 187 (2012).

genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. CR 56(c). The initial burden is on the moving party to show there is no genuine issue of any material fact. CR 56(e). The burden then shifts to the nonmoving party to "'set forth specific facts which sufficiently rebut the moving party's contentions and disclose the existence of a genuine issue as to a material fact.'" Slotke, 192 Wn. App. at 170-71 (quoting Meyer v. Univ. of Washington, 105 Wn.2d 847, 852, 719 P.2d 98 (1986)). To accomplish this, the nonmoving party "may not rely on speculation [or] argumentative assertions that unresolved factual issues remain." Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008) (quoting Seven Gables Corp. v. MGM/UA Entm't Co., 106 Wn.2d 1, 13, 721 P.2d 1 (1986)). "A genuine issue of material fact exists where reasonable minds could differ on the facts controlling the outcome of the litigation." Id. (citing Wilson v. Steinbach, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982)). We review the facts and all reasonable inferences from those facts in the light most favorable to the nonmoving party. Id.

A deed of trust may be judicially foreclosed to secure the performance of an obligation to the beneficiary by a borrower on a promissory note. Slotke, 192 Wn. App. at 171. The person entitled to enforce a promissory note is:

> (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to RCW 62A.3-309 or 62A.3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

RCW 62A.3-301. A "holder" is "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." RCW 62A.1-201(b)(21)(A). "[I]t is the holder of a note who is entitled to enforce it. It is not necessary for the holder to establish that it is also the owner of the note secured by the deed of trust." Slotke, 192 Wn. App. at 173.

Robertson argues that his evidence creates a genuine issue of material fact that 21st does not possess the original first priority promissory note.[4] He relies on a report and affidavit by James Kelley, who examined the note. Kelley concluded that the note is "not the original adjustable rate note but a copy thereof." CP at 2049. 21st argues that the Kelley report is inadmissible, but the trial court explicitly left that question open, and the report was among the documents considered on summary judgment. Thus, we consider it in the light most favorable to Robertson. The Kelley report is evidence that the note is a copy, so there is a genuine issue of material fact whether 21st holds the note and is entitled to enforce it.

---

[4] As a threshold matter, 21st argues that Robertson does not have standing to contest the assignment of the promissory note. It relies on two federal district court cases holding that a borrower does not have standing to challenge the appointment of a successor trustee to a deed of trust; Cagle v. Abacus Mortg. Inc., 2014 WL 4402136 (W.D. Wash. 2014) and Brodie v. Northwest Trustee Servs., Inc., 2012 WL 6192723 (E.D. Wash..2012). The same cases were cited as authority on standing in Bavand v. OneWest Bank, 196 Wn. App. 813, 385 P.3d 233 (2016). There, we found them unpersuasive because neither applied Washington's test for standing. To establish standing in Washington, the claimant must show a personal injury fairly traceable to the challenged conduct and likely to be redressed by the requested relief, and that his or her interest is within the zone of interests protected by the statute at issue. Bavand, 196 Wn. App. at 834 (citing State v. Johnson, 179 Wn.2d 534, 552, 315 P.3d 1090 (2014)). Here, Robertson's potential loss of the Property is fairly traceable to a foreclosure by 21st, and is likely to be redressed by the requested relief that 21st lacks authority to foreclose. And, Robertson can show that he is within the zone of interests protected by the Deeds of Trust Act, which governs mortgage law with respect to junior lienholders and owners. We again decline to follow the federal cases cited by 21st because they do not apply Washington's test for standing.

Robertson's evidence distinguishes this case from <u>Bavand v. OneWest Bank</u>, 196 Wn. App. 813, 385 P.3d 233 (2016). In <u>Bavand</u>, the beneficiary wrote a declaration that it was the actual holder of the note. But the declarant did not write the year that he signed the declaration. Bavand argued that this created a genuine issue of material fact whether the declaration was ineffective because it could have been signed after the foreclosure started. This court disagreed, noting that Bavand did not point to any evidence in the record to substantiate that the declaration was signed after the foreclosure started. Here, Robertson goes further than the borrower in <u>Bavand</u>. He provides the Kelley affidavit to substantiate that there is a question of fact whether 21st possesses the original note. To the extent that the affidavit is an admissible expert opinion, which is a question that is not before us, it creates a genuine issue of fact whether 21st is the holder of the note.

Robertson next argues that the allonges documenting the history of the note's negotiation are invalid. Robertson appears to propose that they were created sometime after 21st filed its complaint in this matter because they were not attached to the promissory note in the complaint, or submitted to the bankruptcy court. He supports this argument with Kelley's affidavit, which opines that the allonges were never permanently affixed to the note, and that signatures on two of the allonges were made with a printer and are thus most likely copies. Viewing the Kelley affidavit in the light most favorable to Robertson, it creates a genuine issue of fact whether 21st is a holder and entitled to enforce the note. If the allonges are fraudulent, the note is not endorsed in blank, but is instead

endorsed to Bank One. And if that is true, 21st holds a note endorsed to an entity other than itself and is thus not entitled to enforce it. Thus, the Kelley affidavit creates an issue of material fact on this question as well.

Finally, Robertson questions whether 21st is the beneficiary as defined by the deeds of trust act, (DTA) chapter 61.24 RCW, because the Nicholls loan may have been pledged as collateral when it became a bankruptcy asset. Excluded from the definition of "beneficiary" in the DTA are "persons holding the [instrument] as security for a different obligation." RCW 61.24.005(2). Robertson contends that the Nicholls loan may be held as security in the Residential Funding Company bankruptcy because a "significant amount of the assets on the Debtors' Schedule B have been pledged as collateral by the Debtors and are outside of the Debtors' control." CP at 1569. But because Robertson provides no evidence that the Nicholls loan was among those assets, he fails to raise a genuine issue of fact. Regardless, Robertson's argument would fail on the merits. When the court transferred the loan through the bankruptcy, it ordered that the asset was "free and clear of all Claims, Liens, encumbrances, or other interests. . . ." CP at 1361. Thus, it could not have been held as collateral after the bankruptcy.

With the Kelley affidavit, Robertson met his burden to present evidence that creates a genuine issue of material fact whether the note and its allonges are original, and thus whether 21st is the holder entitled to enforce the note.

Robertson's 2008 non-judicial foreclosure

Robertson argues that the trial court erred by finding that he did not acquire title to the Property after the 2008 trustee's sale. He claims that there are issues of material fact related to ownership of the Property.

Robertson's status as either junior lienholder or owner is immaterial to whether 21st is entitled to a decree of foreclosure.[5] Regardless of whether Robertson owns the property or is a junior lienholder, his interest in it will be foreclosed, and he will be entitled to any surplus. BAC Home Loans Servicing, LP v. Fulbright, 180 Wn.2d 754, 761, 328 P.3d 895 (2014); RCW 61.12.150. Therefore, we decline to reach whether the trial court erred in granting summary judgment on this ground.[6]

Affirmative Defenses

Robertson argues that the trial court erred in striking his 22 affirmative defenses. But in his briefing to this court, he advances arguments in support of only two of them: statute of limitations and standing.[7]

Robertson argues that the judicial foreclosure is barred by the six year statute of limitations, which he contends expired in 2010. RCW 4.16.040. 21st argues that the claim was timely filed on July 24, 2014 and in support, offers

---

[5] Robertson's status as junior lienholder or property owner may be material to his stayed counterclaims, which are not on appeal.

[6] Robertson advances another argument in support of his position that he owns the Property. He contends that because the federal district court previously noted that he owned the Property, the trial court's ruling to the contrary violated principles of federalism, the "exclusive jurisdiction doctrine," and the law of the case. Brief of App. at 37-45. But as discussed, Robertson's interest in the Property is not material to the foreclosure. Therefore, we decline to reach this issue.

[7] In his brief, Robertson anticipates arguing laches, but makes no such argument. See Br. of App. at 29-37.

evidence that Nicholls made payments on the first priority loan in June and August of 2009. Robertson argues that the evidence is not credible but he offers no evidence disputing that Nicholls made those payments.

Robertson additionally argues that under Berteloot v. Remillard, 130 Wash. 587, 228 P. 690 (1924), 21st must show that Nicholls intended to keep the debt alive when making her 2009 payments. But Berteloot requires evidence of intent to revive the debt where the statute of limitations has run at the time of payment. Here, there is no evidence that the statute of limitations had run in 2009. Thus, even if it carried the burden to do so, 21st need not prove that Nicholls made her payments voluntarily. The trial court did not err in striking the statute of limitations affirmative defense.

Robertson next argues that it was improper for the trial court to strike his affirmative defense that 21st lacks standing for a judicial foreclosure on the Property. As discussed, the Kelley affidavit creates a genuine issue of material fact whether 21st holds the note. If 21st does not hold the note, then it does not have standing to enforce it. See RCW 62A.3-301. The trial court erred in striking this affirmative defense.

Robertson fails to advance argument or cite authority in support of his remaining affirmative defenses. The defendant carries the burden of proof on an affirmative defense. See Rivas v. Overlake Hosp. Med. Ctr., 164 Wn.2d 261, 267, 189 P.3d 753 (2008). Because Robertson bears the burden of proof on his affirmative defenses, he must make a showing sufficient to establish the existence of the essential elements of those affirmative defenses. Young v. Key

Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989). While Robertson refers to prior arguments in the record on each of his affirmative defenses, he does not take the opportunity to argue each defense on appeal. The court is not required to search the record to locate the portions relevant to a litigant's arguments. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 819, 828 P.2d 549 (1992). Passing treatment of an issue or lack of reasoned argument are insufficient to merit judicial consideration. Joy v. Dep't of Labor & Indus., 170 Wn. App. 614, 629, 285 P.3d 187 (2012) (citing West v. Thurston County, 168 Wn. App. 162, 187, 275 P.3d 1200 (2012)). We decline to consider Robertson's remaining affirmative defenses due to lack of argument.

Reversed in part and remanded.

Spearman, J.

WE CONCUR:

Dwyer, J.

Cox, J.