IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| FUTUREWISE, | No. 50406-5-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| CITY OF RIDGEFIELD, RDGB ROYAL FARMS LLC, RDGK REST VIEW ESTATES LLC, RDGM RAWHIDE ESTATES LLC, RDGF RIVER VIEW ESTATES LLC, AND RDGS REAL VIEW LLC, | |
| Respondents, | |
| MILT BROWN, | |
| Defendant. | |

MAXA, C.J. – This case arises out of the City of Ridgefield's enactment of ordinance 1216, which annexed approximately 111 acres of farmland (referred to as the Brown annexation) in unincorporated Clark County and adopted residential zoning for the annexed property. Five limited liability companies (collectively the LLCs), which owned all the parcels in the annexed property, initiated the Brown annexation by direct petition.

Futurewise, a nonprofit membership organization, filed a lawsuit in superior court challenging the Brown annexation and the zoning of the annexed property. The LLCs filed a motion to dismiss Futurewise's claims, arguing that the superior court did not have jurisdiction to consider the claims and that Futurewise did not have standing to bring such claims. The superior court granted the motion to dismiss.

We hold that (1) the trial court had jurisdiction under the Uniform Declaratory Judgment Act (UDJA) to consider whether the Brown annexation violated the Growth Management Act (GMA); (2) the trial court did not have jurisdiction under the Land Use Petition Act (LUPA) to consider Futurewise's challenge to the zoning of the annexed property; and (3) Futurewise does not have representational standing to challenge the Brown annexation because Futurewise has not demonstrated that its members have suffered or will suffer any harm relating to the annexation itself. Accordingly, we affirm the superior court's dismissal of Futurewise's claims.

FACTS

*Brown Annexation*

The LLCs owned all 18 legal lots in an approximately 111-acre parcel north of the City that was located in unincorporated Clark County. The property was outside of the City's urban growth area and was designated by Clark County as agricultural lands of long-term commercial significance.

In June 2016, Clark County enacted an ordinance updating its comprehensive land use plan as required by the GMA. The amended comprehensive plan expanded the City's urban growth area to include the 111-acre parcel. The comprehensive plan amendment also removed the agricultural designation from the expanded area. Futurewise later challenged Clark County's amended comprehensive plan in a petition to the Growth Management Hearings Board (GMHB).

The LLCs initiated the Brown annexation by filing a notice of intent to annex the 111-acre parcel pursuant to RCW 35A.14.120. Milt Brown was listed as the contact person for the property owners. The City accepted the notice of intent and authorized commencement of annexation proceedings.

On September 8, 2016, the City enacted ordinance 1216. Section 1 of the ordinance annexed the 111-acre parcel into the City. Section 2 stated that the annexed area would be zoned as Residential Low Density 6 (RLD-6) with an Urban Holding 10 (UH-10) overlay.

*Futurewise Complaint*

Futurewise filed a complaint in superior court, naming the City, the LLCs, and Brown as defendants/respondents. Futurewise asserted six claims: (1) a petition for review under LUPA, (2) a request for a declaratory judgment under the UDJA, (3) a request for a declaratory judgment under article IV, section 6 of the Washington Constitution, (4) a writ of certiorari under RCW 7.16.040, (5) a writ of certiorari under article IV, section 6 of the Washington Constitution, and (6) a writ of review under article IV, section 6 of the Washington Constitution.

Futurewise alleged that it was a nonprofit corporation. It alleged participation and representational standing because a number of its members were landowners and residents of Clark County and the City who were affected and aggrieved by the annexation and zoning adopted by ordinance 1216.

The complaint challenged both components of ordinance 1216: the approval of the annexation and the zoning adopted for the annexed property. First, Futurewise alleged that the annexation violated the procedures in chapter 35A.14 RCW for annexation by code cities and violated certain provisions of the GMA. Futurewise asserted that the superior court had jurisdiction over these claims under the UDJA as well as the Washington Constitution, the common law, and chapter 7.16 RCW (writ of certiorari).

Second, Futurewise alleged that the adoption of zoning for the annexed property in ordinance 1216 violated multiple provisions of the GMA and Ridgefield Development Code

(RDC) 18.320.050D.  Futurewise claimed that the superior court had jurisdiction over these claims under LUPA.

The complaint also included a series of allegations that Clark County's expansion of the City's urban growth area to include the annexed property violated the GMA.  However, Clark County was not named as a defendant in the complaint.  And Futurewise acknowledged in the complaint that it had appealed the urban growth area expansion to the GMHB.

*Motion to Dismiss*

The LLCs filed a motion to dismiss under CR 12(b)(6).  They asserted that the superior court had no jurisdiction over any of Futurewise's GMA claims because the GMHB had exclusive jurisdiction over those claims.  They also argued that LUPA did not apply to Futurewise's challenge to the zoning of the annexed property.  And the LLCs asserted that Futurewise did not have standing to assert any clams regarding the Brown annexation.[1]

In response, Futurewise submitted declarations by several of its members: Edward Niece, Janice Myev, Newt Rumble and Barbara Kusik, and Cynthia Carlson.  They claimed that the change in the annexed property's use from agricultural to residential and the development of the property for housing would damage their properties.

As noted above, Futurewise had appealed Clark County's amended comprehensive plan to the GMHB.  After hearing oral argument on the LLCs' motion to dismiss, the superior court deferred ruling on the motion pending the GMHB's decision.  The GMHB subsequently ruled that Clark County had violated the GMA in expanding urban growth areas for three cities,

---

[1] The motion to dismiss also sought to dismiss Brown individually as a party.  The superior court granted that motion.  Futurewise does not appeal that ruling.

including Ridgefield.  The GMHB remanded the Clark County ordinance amending the comprehensive plan for Clark County to achieve compliance with the GMA.[2]

The trial court then held additional oral argument on the LLCs' motion to dismiss.  The trial court granted the motion and entered a judgment of dismissal.

Futurewise appeals the trial court's order granting the motion to dismiss.

ANALYSIS

A.      STANDARD OF REVIEW

We review a trial court's ruling on a motion to dismiss de novo.  *Wash. Trucking Ass'ns v. Emp't Sec. Dep't*, 188 Wn.2d 198, 207, 393 P.3d 761, *cert. denied* 138 S. Ct. 261 (2017).  Dismissal is appropriate where it appears beyond doubt that a plaintiff will be unable to prove any set of facts that would justify recovery.  *Id.*  We assume the truth of the allegations in the plaintiff's complaint and may consider hypothetical facts not included in the record.  *Id.*

Under CR 12(b)(6), the trial court can consider only the allegations contained in the complaint and cannot look beyond the face of the pleadings.  *Jackson v. Quality Loan Serv. Corp.*, 186 Wn. App. 838, 844, 347 P.3d 487 (2015).  If the trial court considers information outside the complaint, the motion must be converted to a summary judgment motion under CR 56.  *McNamara v. Koehler*, 5 Wn. App. 2d 708, 713, 429 P.3d 6 (2018).  We review a trial court's ruling on summary judgment de novo.  *Schibel v. Eymann*, 189 Wn.2d 93, 98, 399 P.3d 1129 (2017).  "Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  *Id.*; *see also* CR 56(c).  When evaluating the evidence on summary judgment, we must view all facts and reasonable inferences

---

[2] An appeal of the GMHB's ruling is pending in this court.

therefrom in the light most favorable to the nonmoving party. *Piris v. Kitching*, 185 Wn.2d 856, 861, 375 P.3d 627 (2016).

Here, Futurewise submitted declarations regarding the harms suffered by its members and the GMHB's ruling striking down the Clark County comprehensive plan amendments. The trial court deferred its consideration of the motion to dismiss in order to consider how the GMHB ruled on Futurewise's appeal. And the trial court stated in its oral ruling on the standing issue that it was considering the supplemental declarations. Accordingly, we review the trial court's ruling under the CR 56 summary judgment standard.

B.  JURISDICTION – ANNEXATION CHALLENGE

Futurewise argues that the superior court had jurisdiction over its claim that the Brown annexation adopted in section 1 of ordinance 1216 violated the GMA. We agree.

1.  No GMHB Jurisdiction

Initially, we conclude that the GMHB does not have exclusive jurisdiction over Futurewise's challenge to the Brown annexation.

a.  Legal Principles

The GMA requires counties subject to the GMA and cities within those counties to develop a comprehensive plan. RCW 36.70A.040(3)(d). In addition, those counties and cities must adopt development regulations that are consistent with and implement the comprehensive plan. RCW 36.70A.040(3)(d). RCW 36.70A.020 lists a number of goals that must guide the preparation of comprehensive plans and development regulations. Counties and cities must act in conformity with their comprehensive plans. RCW 36.70A.120. The legislature created the GMHB to hear petitions alleging violations of the GMA. RCW 36.70A.250, .280.

Under RCW 36.70A.280(1)(a), the GMHB "shall hear and determine only those petitions alleging" among other things, that "a state agency, county, or city planning under this chapter is not in compliance with the requirements of this chapter." RCW 36.70A.290(2) states that a GHMB petition must relate to "an adopted comprehensive plan, development regulation, or permanent amendment thereto." Under these provisions, "GMHBs have limited jurisdiction and may decide *only* challenges to or amendments of comprehensive plans or development regulations." *Schnitzer W., LLC v. City of Puyallup*, 190 Wn.2d 568, 575, 416 P.3d 1172 (2018). Stated differently, the GHMB does not have jurisdiction "unless a petition alleges that a comprehensive plan or a development regulation or amendments to either are not in compliance with the requirements of the GMA." *Wenatchee Sportsmen Ass'n v. Chelan County*, 141 Wn.2d 169, 178, 4 P.3d 123 (2000).

If the GMHB has jurisdiction over a claim that a government entity did not comply with the GMA in adopting or amending a comprehensive plan or development regulation, that jurisdiction is exclusive. *Spokane County v. E. Wash. Growth Mgmt. Hr'gs Bd.*, 176 Wn. App. 555, 569, 309 P.3d 673 (2013); *see also Woods v. Kittitas County*, 162 Wn.2d 597, 614-15, 174 P.3d 25 (2007). As a result, "[w]here a challenge is within the jurisdiction of the [GMHB], the superior court lacks jurisdiction over that challenge." *Davidson Serles & Assocs. v. City of Kirkland*, 159 Wn. App. 616, 625, 246 P.3d 822 (2011); *see also Woods*, 162 Wn.2d at 614-15. In that situation, a party cannot invoke the superior court's jurisdiction through a UDJA action or a writ under article IV, section 6 of the Washington Constitution. *Davidson Serles*, 159 Wn. App. at 626-27.

We determine de novo whether the GMHB has jurisdiction over a challenge to a government action. *See Spokane County*, 176 Wn. App. at 569.

b.      Analysis

Futurewise is not challenging Clark County's amendment to its comprehensive plan in this lawsuit. Instead, Futurewise is challenging the City's ordinance that annexed the LLCs' property. Therefore, the question here is whether the annexation ordinance was a "development regulation" for which the GMHB had exclusive jurisdiction. *See Wenatchee Sportsmen*, 141 Wn.2d at 178.

The GMA defines "development regulation" as,

> the controls placed on development or land use activities by a county or city, including, but not limited to, zoning ordinances, critical areas ordinances, shoreline master programs, official controls, planned unit development ordinances, subdivision ordinances, and binding site plan ordinances together with any amendments thereto. A development regulation does not include a decision to approve a project permit application, as defined in RCW 36.70B.020.

RCW 36.70A.030(7)[3]; *see also* WAC 365–196–800(1) ("Development regulations under the [GMA] are specific controls placed on development or land use activities by a county or city"). As defined in RCW 36.70B.020(2)(a), a "project permit application" does not include an application for legislative approval such as annexations.

Applying the definition in RCW 36.70A.030(7), the Brown annexation was not a "development regulation." An annexation ordinance, standing alone, does not place "controls . . . on development or land use activities." RCW 36.70A.030(7). Instead, the annexation merely converted unincorporated county property to city property. This conclusion is consistent with the GMHB's ruling in Futurewise's challenge to the Clark County amended comprehensive plan that it did not have jurisdiction over city annexation ordinances.

---

[3] RCW 36.70A.030 was amended in 2017. Because those amendments do not affect our analysis, we cite to the current version of the statute.

We hold that section 1 of ordinance 1216 was not a development regulation and therefore that the GMHB did not have jurisdiction to consider Futurewise's challenge to section 1 of ordinance 1216.

2.    Superior Court Jurisdiction

The City and the LLCs argue that even if Futurewise's challenge to the Brown annexation is not subject to the GMHB's jurisdiction, the superior court still does not have jurisdiction over the annexation.  We disagree.

Futurewise asserts superior court jurisdiction under the UDJA.  RCW 7.24.020 states,

> A person . . . whose rights, status or other legal relations are affected by a . . . municipal ordinance . . . may have determined any question of construction or validity arising under the . . . ordinance . . . and obtain a declaration of rights, status or other legal relations thereunder.

Courts have exercised jurisdiction under the UDJA for annexation challenges.  *Grant County Fire Prot. Dist. No. 5 v. City of Moses Lake*, 150 Wn.2d 791, 802, 83 P.3d 419 (2004); *Glenrose Cmty. Ass'n v. City of Spokane*, 93 Wn. App. 839, 845-47, 971 P.2d 82 (1999).

The City emphasizes that the legislature has established a review process for annexations.  Under RCW 35A.14.001, annexation actions may be subject to review by a boundary review board under chapter 36.93 RCW.  RCW 36.93.030 provides that a county may establish a boundary review board, which reviews proposed boundary changes for a city including annexation.  *See* RCW 36.93.090, .155.  Under RCW 36.93.160(5), only an affected government unit or "any person owning real property or residing in the area affected by the decision" can appeal a boundary review board decision to superior court.

The City seems to argue that because Futurewise is not a person who can appeal a boundary review board decision under RCW 36.93.160(5), the superior court has no jurisdiction

9

over this lawsuit. However, RCW 36.93.160(5) is inapplicable here because Clark County does not have a boundary review board.

In addition, RCW 35A.14.160 establishes an annexation review board to review annexation proposals in counties not having a boundary review board. Under RCW 35A.14.210, only an affected government unit or "any person owning real property or residing in the area proposed to be annexed" can appeal an annexation review board decision to superior court. Again, the City seems to argue that because Futurewise is not a person who can appeal an annexation review board decision under RCW 35A.14.210, the superior court has no jurisdiction over this lawsuit. However, RCW 35A.14.210 is inapplicable here because Clark County does not have an annexation review board.

The City also seems to argue that by enacting these provisions limiting the ability to appeal boundary review board and annexation review board decisions, the legislature has removed jurisdiction from the superior court for annexations even if a county does not have a boundary review board or an annexation review board. But nothing in chapter 35A.14 RCW or chapter 36.93 RCW supports this position. The legislature has not limited the superior court's jurisdiction over annexation challenges. Therefore, we reject the City's argument.

We hold that the superior court had jurisdiction over Futurewise's challenge to section 1 of ordinance 1216.[4]

---

[4] This holding relates only to jurisdiction, not whether Futurewise can prevail on a claim that section 1 of ordinance 1216 violates the GMA. Some cases suggest that an action that does not constitute a development regulation cannot be challenged for noncompliance with the GMA. *Woods*, 162 Wn.2d at 614-16 (holding that a site-specific land use decision cannot be challenged for violations of the GMA); *Somers v. Snohomish County*, 105 Wn. App. 937, 943-44, 21 P.3d 1165 (2001) (holding that a challenge to a subdivision approval for noncompliance with the GMA in actuality was a claim that the applicable zoning ordinance violated the GMA, for which the GMHB had exclusive jurisdiction). We do not address this issue.

C.    JURISDICTION – ZONING CHALLENGE

Futurewise argues that the superior court had jurisdiction under LUPA over its challenge

to the zoning of the annexed property adopted in section 2 of ordinance 1216 because the

ordinance was a site-specific rezone to which LUPA applies.  We disagree.

Under RCW 36.70C.030(1), LUPA provides, with limited exceptions, the "exclusive

means of judicial review of land use decisions."  LUPA proceedings must be filed in the superior

court.  RCW 36.70C.040(1).  But the superior court has no jurisdiction under LUPA unless the

challenged action is a "land use decision" as defined by the statute.  *Durland v. San Juan County*,

182 Wn.2d 55, 64, 340 P.3d 191 (2014).

RCW 36.70C.020(2)(a) defines land use decision to include "(a) An application for a

project permit or other governmental approval required by law before real property may be

improved, developed, modified, sold, transferred, or used . . . excluding applications for

legislative approvals such as area-wide rezones and annexations."  As stated in the definition,

area-wide rezones are not land use decisions.  Instead, zoning ordinances generally are

development regulations as defined in the GMA.  *See* RCW 36.70A.030(7) (development

regulations include "zoning ordinances").

However, a challenge to a "site-specific rezone" is a project permit under RCW

36.70C.020(2)(a) and therefore must be brought under LUPA.  *Woods*, 162 Wn.2d at 610; *see*

*also Schnitzer W.*, 190 Wn.2d at 576.[5]  "A site-specific rezone requires three factors: (1) a

_____

[5] One exception to the rule that LUPA provides the exclusive means for judicial review of land
use decisions is land use decisions that are subject to review by the GMHB.  RCW
36.70C.030(1)(a)(ii).  However, this exception does not apply to site-specific land use decisions
because they do not qualify as comprehensive plans or development regulations under the GMA.
*Woods*, 162 Wn.2d at 610.

specific tract of land, (2) a request for a classification change, and (3) a specific party making the request." *Schnitzer W.*, 190 Wn.2d at 576.

Here, the parties dispute whether the annexed property was a specific tract of land and whether adopting zoning for an area that previously lacked City zoning constituted a classification change. However, we need not decide these issues because Futurewise cannot establish that the LLCs requested the classification change.

Futurewise argues that the LLCs requested the zoning based on the notice of intent to annex, in which the LLCs stated that "[t]he annexation area is intended for low density single family residential use." Clerk's Papers at 355. But although the LLCs did request *annexation*, the notice of intent to annex did not request that the City adopt any particular zoning on the property. The LLCs only stated *their intent* regarding the annexed property.

Further, the City did not adopt the zoning for the annexed property based on any request. Instead, the City's adoption of RLD-6 zoning with a UH-10 overlay was mandated by the City's municipal code. Ridgefield Municipal Code (RMC) 18.210.015(B) states, "The city shall designate all newly annexed RLD land as RLD-6 or greater density." RMC 18.210.015(C) states, "The city shall place an urban holding (UH) overlay on all lands which are not adequately served by necessary capital facilities." The ordinance expressly states that the City adopted these zoning classifications as required by RMC 18.210.015(B) and (C).

We conclude that the adoption of zoning for the annexed property was not a site-specific rezone. Accordingly, we hold that the superior court did not have jurisdiction to consider Futurewise's challenge to the zoning for the annexed property under LUPA.

D.     REPRESENTATIONAL STANDING – ANNEXATION CHALLENGE

Futurewise argues that it has representational standing to challenge the Brown annexation because its members already have been harmed by development in the area and the annexation will lead to further harm. The City and the LLCs argue that Futurewise has not established representational standing because ordinance 1216 does not provide for any particular development of the annexed property, and therefore the claims of Futurewise's members that the annexation will damage their property are speculative. We agree with the City and the LLCs.

1.     Legal Principles

A party may obtain relief under the UDJA if the claim presents a justiciable controversy. *League of Educ. Voters v. State*, 176 Wn.2d 808, 816, 295 P.3d 743 (2013). A justiciable controversy exists if (1) there is an actual, present, or existing dispute, (2) the parties have genuine and opposing interests, (3) those interests are direct and substantial rather than potential or theoretical, and (4) the court's determination will be final and conclusive. *Lee v. State*, 185 Wn.2d 608, 616, 374 P.3d 157 (2016). The third element encompasses standing. *Id.* at 618.

We conduct a two-part inquiry to determine if a litigant has standing to bring a declaratory judgment action under the UDJA. *Spokane Entrepreneurial Ctr. v. Spokane Moves to Amend the Constitution*, 185 Wn.2d 97, 103, 369 P.3d 140 (2016). First, the plaintiff's interest in bringing the action must be within the zone of interests protected or regulated by the statute in question. *Id.* Second, the challenged action must have caused economic or other injury in fact to the person seeking standing. *Id.* Where the alleged harm is threatened but has not yet occurred, the plaintiff must show that " 'the injury will be immediate, concrete, and specific; a conjectural or hypothetical injury will not confer standing.' " *See Knight v. City of Yelm*, 173 Wn.2d 325, 341, 267 P.3d 973 (2011) (addressing injury in fact for LUPA standing)

(quoting *Suquamish Indian Tribe v. Kitsap County*, 92 Wn. App. 816, 829, 965 P.2d 636 (1998));

*see also City of Burlington v. Wash. St. Liquor Control Bd.*, 187 Wn. App. 853, 869, 351 P.3d

875 (2015) (applying the same standing requirements to a challenge under the Administrative

Procedure Act, ch. 34.05 RCW).

Where a corporation or nonprofit organization is the party seeking a declaratory

judgment, the organization must demonstrate that at least one of its members has been or will be

specifically and perceptibly harmed by the challenged action. *See Chelan Basin Conservancy v.

GBI Holding Co.*, 190 Wn.2d 249, 272-73, 413 P.3d 549 (2018).

The Supreme Court considered the parameters of standing and representational standing

in the context of a city annexation in *Grant County Fire Protection District*, 150 Wn.2d 791. In

that case, property owners and the fire district challenged an annexation under the UDJA,

alleging that an annexation would harm their tax rates and tax base. *Id.* at 798-804. The court

held that while the property owners were within the zone of interests of the annexation statutes

and would clearly be harmed by changes in tax rates, the fire district was not. *Id.* at 802-04. The

court also held that the fire district did not have representational standing where there was no

evidence that the annexation would affect the fire district's capability to provide emergency

services. *Id.* at 804.

Potential stormwater related flooding is an adequate injury in fact to establish standing.

*Anderson v. Pierce County*, 86 Wn. App. 290, 299-300, 936 P.2d 432 (1997). In *Anderson*, the

plaintiff was challenging Pierce County's decision not to require an environmental impact

statement for a proposed project development under the State Environmental Planning Act,

chapter 43.21C RCW. *Id.* at 294-96. A member of the Buckley Plateau Coalition who owned

property abutting the proposed project site had alleged that Pierce County's decision did not

sufficiently protect his abutting property from potential stormwater runoff damage. *Id.* at 300.
The court held that the allegation presented an adequate threatened injury to establish
representational standing. *Id.*

    2.    Futurewise's Allegations of Harm

Futurewise submitted four declarations from its members to demonstrate the harm that
would be caused by the Brown annexation. Edward Niece stated that his property abutted the
Brown annexation and that the area around his home was primarily agricultural. He stated that
the annexation, the change in use from agricultural to residential, and the development of the
property for housing would cause more stormwater runoff, which would increase pollution and
silt in a stream near his property and affect salmon in that stream. Niece also stated that
residential development in the annexed area would increase traffic and make walking and biking
along the roads more dangerous and less enjoyable.

Janice Myev stated in her declaration that her property abutted the Brown annexation and
would be adversely impacted by the development that would result from the annexation. She
stated that the City planned to construct a sewage pump station to serve the new residential areas,
and that the proposed access road for the pump station would go through her house. Myev also
suggested that development on the annexed property would affect wildlife, streams that support
salmon runs, and the beauty of the area.

Newt Rumble and Barbara Kusik stated in their joint declaration that their property
abutted the Brown annexation and that a creek ran through both the annexed property and their
property. They stated that the creek had flooded their property more often as nearby
developments had been constructed upstream and that development had caused areas of standing
water on their property and siltation in the stream. Rumble and Kusik also stated that the

flooding prevented them from using their land as pasture for sheep and reduced the agricultural productivity of their property. They stated that the change in zoning from agricultural to residential would exacerbate these flooding and siltation problems on their property.

Cynthia Carlson stated in a declaration that her properties were adjacent to the Brown annexation and supported cattle grazing. She stated that the construction of a sewer pump station had impacted cattle grazing by repeatedly cutting fences and allowing cows out of the pasture, and that a calf was killed by a mower as part of the construction. Carlson also stated that the pump station construction and other nearby development projects had negatively impacted fish and bird habitat around her home, including causing intense light pollution, which diminished her enjoyment of her property and harmed its economic value.

3. Standing Analysis

The issue here is whether the Futurewise members have alleged sufficient injury *because of the annexation* to establish standing.

The declarations do not claim that this conversion of the property from county to city territory, standing alone, has caused any actual injury. The actual injury the declarations allege all predated the annexation and apparently was attributable to existing developments that were not within the annexed property. And there is no indication that any development has occurred on the annexed property.[6] Instead, the declarations *assume* that (1) residential development will occur on the annexed property at some time in the future, (2) the conditions placed on that

---

[6] Futurewise argues that the annexation allowed construction of the pump station referenced in Carlson's declaration and that the pump station has caused direct injury. But the evidence in the record shows that the construction of the pump station was allowed by Clark County's comprehensive plan amendment adding the property on which the pump station was built to the urban growth area. The annexation did not affect the urban growth area.

development during the permitting process will be inadequate, and (3) the future development will impact their property in the same way as other nearby developments.

However, the nature and extent of any development on the annexed property is unknown. The current zoning allows some type of residential development. But the annexation did not authorize any particular development and no specific development has yet been proposed or approved. If a development is approved at some time in the future, it is unknown whether the permit conditions placed on the development will be adequate to alleviate possible impact on the environment and surrounding properties. As result, Futurewise cannot show that their members will be specifically and perceptibly harmed by the annexation. The possible future injury to the Futurewise members is speculative.

Futurewise analogizes the facts here to *Save a Valuable Environment v. City of Bothell*, 89 Wn.2d 862, 576 P.2d 401 (1978) (*SAVE*). In *SAVE*, the City approved an application to rezone property that was zoned for agricultural use to permit construction of a major shopping center. *Id.* at 863-65. SAVE members included people residing in areas adjacent to the rezoned property. *Id.* at 865. The court held that SAVE had standing because it "alleged direct and specific harm to its members which would flow from the building of a shopping center near their homes." *Id.* at 868.

*SAVE* is inapplicable here because the City did not approve the Brown annexation to permit the construction of a specific project that would have obvious detrimental effects on surrounding properties. The annexation merely converted the annexed property from unincorporated Clark County to the City. Certainly some development of the property for housing is contemplated at some time in the future. But unlike in *SAVE*, the specific nature of any future development remains unknown. And the impact of that unknown development on

surrounding properties remains unclear. As a result, the claim that such unknown development will injure adjacent property owners is speculative.

Futurewise argues that even if the technical standing requirements are not satisfied, we can take a more liberal approach to standing for matters of substantial public interest. *See Lee*, 185 Wn.2d at 618-19 (stating that a case may be justiciable under the public interest exception even where the requirements of standing are not strictly met). However, the only public interest Futurewise has identified is avoiding the conversion of agricultural land to urban land. This general interest does not allow us to ignore the requirements of representational standing.

The Brown annexation does not specifically authorize any development and Futurewise has not demonstrated that its members are subject to a specific and immediate threat of harm flowing from the annexation. Accordingly, we hold that Futurewise does not have representational standing to challenge ordinance 1216.

E.      ATTORNEY FEES AND COSTS

The City requests attorney fees on appeal to be paid by Futurewise. Under RAP 18.1, we may award reasonable attorney fees to the prevailing party on appeal if allowed under the applicable law. The City argues that we should award reasonable attorney fees under RCW 4.84.185, which allows an award of attorney fees for defending against a frivolous claim or appeal. However, we do not agree that Futurewise's appeal was frivolous. Accordingly, we decline the City's request to award attorney fees on appeal.

The LLCs request an award of costs on appeal under RCW 4.84.010. A commissioner of this court will address the award of costs under RAP 14.1-14.5.

CONCLUSION

We affirm the trial court's order granting the LLCs' motion to dismiss.

No. 50406-5-II

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

MAXA, C.J.

We concur:

LEE, J.

MELNICK, J.

19